## ATWOOD et al. v. JAQUES.

### (Circuit Court, W. D. Missouri, W. D. July 2, 1894.)

#### No. 1,840.

1. TAXABLE COSTS—EXPENSE OF AFFIDAVITS ON MOTION FOR PRELIMINARY INJUNCTION.

A respondent who succeeds in defeating an application for preliminary injunction is entitled to have taxed the cost of the notarial certificates and seals attached to the affidavits used by him on the hearing, but not the expense of writing the affidavits in the form of depositions.

2. SAME—PRINTING EVIDENCE AND ABSTRACT OF RECORD.

The expense of printing evidence and abstract of record is not taxable in the circuit court, in the absence of any rule of court or special order requiring such printing to be done.

3. SAME—COPIES OF TESTIMONY.

Payments to stenographer for making carbon copies of testimony for use of the party or his counsel is not taxable.

Motion to Retax Costs.

Barton & Brown and Gage, Ladd & Small, for complainants.

J. S. Brown, for respondent.

PHILIPS, District Judge. Motion is made in this case by complainants to retax part of the costs taxed by the clerk against them. Objection is made to the charge of $26.50 for affidavits used on behalf of respondent upon complainants' application for preliminary injunction. It is quite apparent from the amounts charged for these affidavits, respectively, that they include the writing of the affidavit in the form of a deposition. The law and the practice do not warrant this charge. Stimpson v. Brooks, 3 Blatchf. 456, Fed. Cas. No. 13,454. But it seems to me, inasmuch as the complainants invited the issue on the application for a temporary injunction, and such applications are heard only upon affidavits, that it would be but equitable and right that the prevailing party should at least be accorded the sums paid out by him to the officer administering the oath and certifying thereto; and therefore I shall allow to the respondent as costs the sum of 50 cents for the notary's certificate and seal to each affidavit, aggregating $15.50.

The next item of costs objected to by complainants is the charge of $506.65 paid by respondent to printing company for printing evidence and abstract of record on behalf of respondent. In the absence of any rule of court requiring this to be done, and in the absence of any special order by the court in this case, or any agreement between the parties that the same should be printed, and charged as costs in the case, there seems to be no warrant, under equity practice, for this charge. Hussey v. Bradley, 5 Blatchf. 210, Fed. Cas. No. 6,946a.

The next and final item objected to is the sum of $60.20 paid to Frances E. Mullett by respondent for carbon copies of testimony taken by her, as stenographer. As these copies were evidently for the use of respondent or his counsel, they are not chargeable as costs in the case; and the motion, to the extent above indicated, is sustained, and the costs ordered to be retaxed accordingly.