BLANKS et al. v. KLEIN et al.

STARCKE et al. v. KLEIN et al.

(Circuit Court of Appeals, Fifth Circuit. December 1, 1896.)

No. 464.

APPEALABLE DECREES—DECREE FOR COSTS.

An appeal from a mere decree for costs of the court below must be dismissed, as a matter within that court's discretion. But, where one item included in the decree is for clerk's fees in making and certifying the transcript on a former appeal, the appellate court may review the same on the merits.

Appeal from the Circuit Court of the United States for the Western Division of the Southern District of Mississippi.

Wade R. Young, for appellants.

M. Dabney, for appellees.

Before PARDEE and McCORMICK, Circuit Judges, and MAXEY, District Judge.

PARDEE, Circuit Judge. This appeal is from a decree of the circuit court taxing costs in two equity causes which were decided in the circuit court July 16, 1891. Both causes were afterwards appealed to this court, where Blanks v. Klein was affirmed (3 C. C. A. 585, 53 Fed. 436), and Starcke v. Klein was dismissed for failure to file the record within the proper delay (14 C. C. A. 672). The contested items of costs, with one exception, are costs incurred in the circuit court in the trial of the causes, and were approved by the judge who rendered the decrees, apparently in compliance with section 983, Rev. St. U. S. The proceeding in which the decree under consideration was rendered appears to have been provoked by a motion of the appellants to retax costs. Proceeding under this motion, the court, on the application of movers, referred the matter to a special master, with directions to tax the costs of said suits due by movers, and to make report to the judge of the court in vacation. The special master made an investigation, hearing evidence of several parties by way of deposition, and reported that the items complained of were properly and lawfully taxed. Exceptions were filed to this report, complaining of the special master's findings both of fact and of law. The decree of the court overruled the exceptions to the master's report, confirmed the same in all respects, and declared as follows:

"And it is further considered by the court that inasmuch as nothing is involved in said motion and report except costs in said causes, and that both of said causes have heretofore been appealed to the court of appeals, and said appeals finally disposed of in that court, no appeal lies from this decree."

It seems to be settled that no appeal will lie from a mere decree for costs. Clarke v. Warehouse Co., 10 C. C. A. 387, 393, 62 Fed. 328; Du Bois v. Kirk, 158 U. S. 58, 67, 15 Sup. Ct. 729. If this case covered only the costs incurred in the circuit court in an equity cause, which costs are unquestionably within the sound discretion of the court (Canter v. Insurance Co., 3 Pet. 307; Kittredge v. Race, 92

U. S. 120), we are clear that this appeal should be dismissed. As, however, one item included in the decree is for making and certifying the transcript in the appeal to this court, and incidentally, therefore, an item of costs incurred in this court, we are disposed to consider the merits of the same.

The contention of appellants is that, owing to the circumstances attendant upon making up the transcript, the clerk agreed to accept a less sum than the fee allowed by law for such services. The master finds, in respect to this matter, that the clerk was entitled to his full fee for the preparation of the transcript, unless the agreement claimed by complainants (appellants) to have been made with him for compensation was established by the testimony, and then, upon a review of the evidence, finds that such agreement is not established. It is doubtful, under the system of compensation to clerks of the circuit courts of the United States, whether in any case the clerk may remit fees allowed by law, without making himself liable for the full amount, because the United States are interested in the fees of such clerks, and entitled to the overplus after deducting the compensation fixed by law. However this may be, we have examined the evidence found in the transcript, and we reach the same conclusion as did the master, that the agreement on the part of the clerk to remit any part of the lawful charges for making and certifying the transcript is not established. The decree appealed from is affirmed.