## SEDLACEK v. BRYAN.

(Circuit Court, E. D. New York. December 8, 1911.)

1. COSTS (§§ 189, 254*)—STENOGRAPHER'S FEES—PAYMENT.

Where there is no official stenographer in an action tried in a federal court, one-half of the charges for taking the testimony is borne by each party. If an exact record is wished, and the minutes are written out, the party securing the minutes pays the additional charge for transcribing, and if this is done by agreement the successful party taxes his share for taking the testimony against the unsuccessful party, and if the latter wishes a record for appeal he is bound to secure it at his own cost.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 744–749, 974; Dec. Dig. §§ 189, 254.*]

2. COSTS (§ 189*)—STENOGRAPHER'S FEES.

Where, in an action tried in the federal court, there was no official stenographer, and plaintiff refused to undertake the obligation of a stenographer's services, whereupon defendant procured a stenographer to take the testimony, defendant, on being successful, was not entitled to tax costs of taking down such testimony to plaintiff.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 744–749; Dec. Dig. § 189.*]

Action by Kamilla Sedlacek against William Bryan. From a clerk's order refusing to tax certain disbursements paid by defendant for taking testimony on a jury trial resulting in a verdict for defendant, he appeals. Affirmed.

Strong & Mellen, for plaintiff.
James Taylor Lewis, for defendant.

CHATFIELD, District Judge. The defendant has appealed from a refusal by the clerk to tax an item of $58.75 paid by him for the taking of testimony upon a jury trial resulting in a verdict for the defendant.

[1] There being no official stenographer, one-half of the charges for taking the testimony is usually borne by each party, if an exact record is wished. In case the minutes are written out, the party securing these minutes pays the additional charge for transcribing. Where this has been done by agreement, the successful party taxes his share for taking the testimony against the unsuccessful party, and if the unsuccessful party wishes a record for appeal he is bound to secure that for himself.

[2] In the present case the plaintiff refused to undertake the obligation for stenographic services; it being stated to the court that

the plaintiff would not be able to appeal if not successful. The circumstances sufficiently showed that the plaintiff's attorneys were acting in good faith and that their refusal was proper under the circumstances.

The defendant determined that he wished the record taken by a stenographer, even if the plaintiff was unwilling to do the same, and the stenographer was present and took notes throughout the trial. A ruling upon certain evidence made it necessary for the plaintiff to obtain some part of the record. The plaintiff's attorneys thereupon independently ordered and paid for writing out a copy of the pages which they needed.

The charge for taking down those pages, viz., $17.50, was divided (one-half being paid by the plaintiff, and the other half, $8.75, being charged to the defendant). The remaining testimony amounted (for the taking down alone) to the sum of $50, and the defendant has asked that the two items charged to him, viz., $8.75 and $50, be taxed as if an agreement had been entered into by the plaintiff at the outset of the trial.

This would in effect make the employment of a stenographer compulsory; and would be equivalent to a refusal by the court to hear a case unless the testimony were taken in shorthand. Even if this be generally advisable, it would not seem that litigants should be compelled by the court to undertake this expense, unless the question be disposed of at the beginning of any case in which either party is unable or unwilling to employ a stenographer. The question could only arise in cases where the matter could be brought to the court's attention at the outset. Inasmuch as the Congress has not deemed it proper to have the testimony in the federal courts, generally, taken down and transcribed at the public expense, but has considered that this should be an item to be borne by the parties who wished to litigate, and inasmuch as parties should be given the right to litigate without unnecessary hardship and expense, it would seem improper to rule that any party, who might be willing, able, and solicitous enough as to the possibility of appeal or future use of testimony to wish the exact phraseology preserved, could (without presenting the facts to the court and obtaining a direction) insist upon putting the other party to an expense which he did not wish to incur.

The action of the clerk will be upheld, and the appeal from the refusal to tax the item is dismissed.