STALLO v. WAGNER.

(Circuit Court of Appeals, Second Circuit.   July 6, 1917.)

No. 195.

1. APPEAL AND ERROR ⊜⇒119—REVIEW—ALLOWANCE OF COSTS IN EQUITY CASES.

In equity the matter of imposition of costs is so far within the discretion of the court of first instance that a decree relating to costs alone will not ordinarily be reviewed in an appellate court, but an appeal lies when the decree involves the construction of a positive statute or where the question presented arises upon the taxation of costs by the lower court in carrying out the decree and mandate of the appellate court in a former appeal.

2. COSTS ⊜⇒189—TAXABLE COSTS—COPY OF STENOGRAPHER'S MINUTES FOR USE OF PARTY.

A copy of the stenographer's minutes of a trial furnished to one of the parties is not a copy of a paper necessarily obtained for use on the trial within the meaning of Rev. St. § 983 (Comp. St. 1916, § 1624), and a party who obtains such copy for his own convenience and use on the trial of a suit in equity is not entitled to have the amount paid the stenographer

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

therefor taxed under equity rule 50 (198 Fed. xxxii, 115 C. C. A. xxxii), which provides for the taxation only of the fee fixed by the court for the copy used by the court.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by Edmund K. Stallo against Petro E. Wagner, as receiver of the Mt. Vernon National Bank. On appeal by complainant from orders taxing costs. Reversed.

See, also, 233 Fed. 379, 147 C. C. A. 315.

This cause comes here on appeal from certain orders of the United States District Court for the Southern District of New York, which orders were dated respectively August 30, 1916, and October 10, 1916.

The complainant brought an action in the District Court for an accounting of certain transactions alleged to have been had between complainant and the Mt. Vernon National Bank. The trial lasted a week, and 550 pages of testimony were taken. The transactions involved were somewhat complicated, the claims aggregating in excess of $74,000. A transcript of the daily proceedings of the trial made each night by the stenographer was furnished the judge, who had requested that a copy of the evidence be submitted to him from day to day. Two other copies were furnished, one each to the complainant and defendant. At the conclusion of the trial a decree was entered, from which both parties appealed. When the case reached this court we held that the bill was without merit, and remanded the cause, with directions to dismiss the bill with costs in both courts. Thereupon in due course the defendant served a bill of costs with notice of taxation of the same. The plaintiff objected to an item for $432.90, which was for the stenographer's fees for the minutes of the trial, the item being apparently for the copy of the minutes obtained for the use of the defendant in the conduct of the trial, the plaintiff having paid for the copies which had been furnished to himself and to the judge. The clerk on May 18, 1916, allowed the item to be included in the costs taxed. The complainant then moved the court for an order retaxing the costs of the defendant, and an opinion was rendered on August 30, 1916, reaffirming a previous ruling allowing the stenographer's fees to be taxed. Thereafter a motion was made for a retaxation, and on October 10, 1916, an order was entered nunc pro tunc as of June 16, 1916, and the taxation of the item was affirmed. Thereupon this appeal was taken from the orders.

Rockwood & Haldane, of New York City (Charles A. Winter, of New York City, of counsel), for appellant.

Barber, Watson & Gibboney, of New York City (Stuart G. Gibboney and George M. Burditt, both of New York City, of counsel), for appellee.

Before COXE, WARD, and ROGERS, Circuit Judges.

ROGERS, Circuit Judge (after stating the facts as above). The question which counsel ask the court to determine in this case is whether in an equity suit the amount paid by defendant for a copy of the stenographer's minutes furnished him for use on the trial can be taxed as a part of the costs. The amount involved, $432.90, is not large, but the principle is important.

Costs were not recoverable eo nomine at common law. It is said, therefore, that costs can be imposed at least in law cases, only where there is statutory authority therefor. Stevens v. Boston Central National Bank, 168 N. Y. 560, 61 N. E. 904; Alger v. Boston, 168 Mass. 516, 47 N. E. 194; Studwell v. Cooke, 38 Conn. 549; Smith v. Boynton, 44 N. H. 529. The Legislature may grant the power in general

terms to the courts, and these tribunals may make rules or orders under which costs may be taxed. It has been held that the power to do this has been granted by Congress. See Tesla Electric Co. v. Scott (C. C.) 101 Fed. 524, and cases there cited. We are not, however, concerned now to inquire as to the power of the federal courts to tax costs in law cases. For the question here comes up in an equity case. Nevertheless we observe that in cases at law where the right to tax costs is given, the courts have held that the stenographer's fees are not taxable as "costs" except where the statutes so provide. Kelly v. Springfield R. Co. (C. C.) 83 Fed. 183, and cases there cited; Hughes v. Edisto Cypress Shingle Co., 51 S. C. 1, 28 S. E. 2; Bringgold v. City of Spokane, 19 Wash. 333, 53 Pac. 368; Down v. McGourkey, 15 Hun (N. Y.) 444.

It was enacted by 17 Rich. II, c. 6, that the chancellor should award damages according to his discretion against persons bringing vexatious and unfounded suits in chancery. And "damages," as used in this statute, has been understood as including costs. Since the enactment of the statute the power of adjudging costs has become apparently so far inherent in the equity court as to be inseparable from the exercise of its judicial authority. It has frequently been said that the power of a court of equity to give costs is wholly inherent in the court independent of any statutory authority, and solely according to the conscience of the court.

"This view," it is said in Street's Federal Equity Practice, vol. 2, § 983, "is too radical to be considered orthodox, but it seems correct to say that the power of the equity court to allow costs, though originating in statute, has become a common principle and incident of its judicial action, so that the mere establishment of a court of equity and the endowment of it with judicial authority necessarily imports a power in such court to adjudge costs. This idea is fully exemplified in the history of the subject of costs as dealt with in the federal courts."

And in section 1994 the same writer says that:

"No general proposition relating to costs is more thoroughly well settled than that in the court of equity costs are entirely within the discretion of the court. Costs in equity depend, so it is said, upon conscience, and upon a full and satisfactory view and determination of the whole merits of the case. This rule is applied in equity causes in the Circuit Courts of Appeals as well as in courts of first instance. The imposition of costs in equity is never determined by unbending rules of general application; and it has been observed that any attempt to prepare and enforce ironclad rules as to costs would more often than otherwise lead to injustice."

Congress has enacted as follows:

"The bill of fees of the clerk, marshal and attorney, and the amount paid printers, and witnesses, and lawful fees for exemplifications and copies of papers necessarily obtained for use on trials in cases, whereby law costs are recoverable in favor of the prevailing party, shall be taxed by a judge or clerk of the court, and be included in and form a portion of a judgment or decree against the losing party. Such taxed bills shall be filed with the papers in the cause." U. S. Comp. Stat. 1916, Ann., vol. 3, p. 3223, § 1624; section 983 of the Revised Statutes, p. 184.

And rule 50 of the existing equity rules (198 Fed. xxxii, 115 C. C. A. xxxii) is as follows:

"When deemed necessary by the court or officer taking testimony a stenographer may be appointed who shall take down testimony in shorthand and if

required transcribe the same. His fee shall be fixed by the court and taxed ultimately as costs."

Are the copies of the stenographer's minutes to be regarded as included in the clause "copies of papers necessarily obtained for use on trial"? And does equity rule 50 mean anything more than that the fees paid for the copy of the minutes of the stenographer furnished to the court shall be taxed, and not the fees paid for the copy furnished to either of the parties?

[1] In equity the matter of the imposition of costs is so far a matter within the discretion of the court of first instance that a decree relating to costs alone will not ordinarily be reviewed in an appellate court. Canter v. Insurance Co. (1830) 3 Pet. 307, 317, 7 L. Ed. 688; Elastic Fabric Co. v. Smith, 100 U. S. 110, 25 L. Ed. 547 (1879); Du Bois v. Kirk, 158 U. S. 58, 15 Sup. Ct. 729, 39 L. Ed. 895 (1895). But it has been held that an appeal lies when a decree complained of involves the construction and application of a positive statute involving the allowance of costs. This was decided by the Circuit Court of Appeals in the Sixth Circuit. In re Michigan Central R. Co., 124 Fed. 727, 733, 59 C. C. A. 643 (1903). This decision was followed by the same court in Scatcherd v. Love, 166 Fed. 53, 91 C. C. A. 639 (1908). So in Blanks v. Klein, 78 Fed. 395, 24 C. C. A. 144 (1896), the Circuit Court of Appeals in the Fifth Circuit, while recognizing the general rule that an appeal from a mere decree for costs should be dismissed, held that, as one item taxed was incurred in the appellate court, it would consider the matter. And in Kell v. Trenchard, 146 Fed. 245, 76 C. C. A. 611 (1906), the Circuit Court of Appeals for the Fourth Circuit entertained an appeal where the sole question presented arose upon the taxation of costs by the lower court in carrying out the decree and mandate of the Court of Appeals in the former appeal, and which prescribed that the costs in both courts should be borne equally between the appellant and the appellees. It was held that the action of the lower court in carrying into effect the decree of the Court of Appeals was subject to the review of the latter court.

In the instant case the disputed item is claimed under a statute, and also under equity rule 50 which has the force of a statute. The questions presented also arise upon the taxation of costs by the lower court in carrying out the decree and mandate of this court in the former appeal.

In Prescott & Arizona Central Railway Co. v. Atchison, Topeka & Santa Fé R. Co., 84 Fed. 213, 28 C. C. A. 481 (1897), this court through Judges Wallace and Shipman held that, where a judgment dismissing the complaint "with costs to be taxed" was signed by the judge and entered by the clerk, it was a final judgment. "Nothing further was necessary," it was stated in the opinion, "to a final and complete disposition of the action. The circumstance that the costs were not taxed and the amount inserted in the judgment is not material. It was essentially a final judgment." In that case subsequently a more formal judgment was entered after the amount of costs had been taxed, and the amount of costs as taxed was entered in the judgment, and it was expressly provided in the judgment that plaintiffs should have execu-

tion therefor. The practice seems not uncommon where a bill is dismissed with costs to be taxed, to enter the judgment "dismissing the bill with costs ———," leaving a blank space which is filled later by the clerk who inserts the amount after he has taxed the costs. In so doing reliance seems to be placed on section 983 of the Revised Statutes, p. 184, which has been already set forth in this opinion.

This practice accords with that in the state courts which hold that a judgment for a specified amount and costs is not void as to the costs because the amount thereof is left blank, since it may be afterwards inserted by the clerk. Calhoun v. Parter, 21 Conn. 526; Linton v. Housh, 4 Kan. 535; Schroeder v. Boyce, 127 Mich. 33, 86 N. W. 387; Young v. Connelly, 112 N. C. 646, 17 S. E. 424; Smith v. Nelson, 23 Utah, 512, 65 Pac. 485.

This brings us directly to the question of the right to include in the costs the stenographer's fees for copies of the minutes of the testimony furnished on the trial.

In Gunther v. Liverpool, London & Globe Ins. Co. (C. C.) 10 Fed. 830 (1882) District Judge Benedict disallowed an item for stenographer's charges, saying:

"The sum paid the stenographer by the plaintiff to obtain a copy of his minutes of the testimony given on the trial cannot be taxed, because the employment of a stenographer was not directed by the court, and there was no consent to the insertion of any part of the stenographer's charges in the bill of costs."

The question arose under the provision of the statute allowing clerks to include in the judgment fees for exemplifications and copies of papers necessarily obtained for use on the trial. In Wooster v. Handy (C. C.) 23 Fed. 49, 59, 60 (1885), the expense of a copy of stenographer's minutes was disallowed by Justice Blatchford, sitting in the Circuit Court for the Southern District of New York. The question arose under the statutory provision and the suit was in equity.

In The William Branfoot, 52 Fed. 390, 395, 3 C. C. A. 155 (1892), the Circuit Court of Appeals, Chief Justice Fuller writing the opinion, held that the amount paid for a copy of the stenographer's minutes was properly disallowed by the District Judge. He said:

"Another item was for money paid for a copy of the official stenographer's notes, obtained for libelant by his counsel. This was simply for convenience, and not a copy necessarily obtained for use on the trial. The item was properly rejected."

In Atwood v. Jaques (C. C.) 63 Fed. 561 (1894), District Judge Philips held that the sum paid by the respondent for copies of the stenographer's minutes was not taxable, saying:

"As these copies were evidently for the use of the respondent or his counsel, they are not chargeable as costs in the case."

In Roundtree v. Rembert, 71 Fed. 255 (1896) in the Circuit Court for the District of South Carolina, Circuit Judge Simonton said:

"Another exception is the disallowance of the fee paid for a copy of the testimony taken de bene esse. By consent counsel on both sides were allowed to obtain a copy of the testimony taken in New York. Properly this is no part of the costs of the case. The copies were solely for the convenience of counsel. In the absence of any agreement that it should be included in the costs, that

cannot be done. Counsel for the plaintiffs deny that there was any such agreement, and no stipulation in writing to that effect is in the record. The exception is overruled."

In Kelly v. Springfield Ry. Co. (C. C.) 83 Fed. 183 (1897), District Judge Sage declared that:

"The expense of copies of testimony is not taxable as part of the costs in this district."

The suit was in equity.

In Monahan v. Godkin (C. C.) 100 Fed. 196 (1900), District Judge Seaman affirmed the action of the clerk who had refused to tax for a copy of the testimony taken on the trial of an action at law under a stipulation obtained by a party for the purpose of preparing a bill of exceptions. After citing the statutory provision, heretofore referred to, Judge Seaman said:

"Requirement of a copy of the testimony for the purpose of preparing a bill of exceptions is not a requirement for use on the trial as thus defined. The mere fact of a stipulation by the parties to have the testimony on the trial taken by a stenographer cannot operate to make the expense of a transcript of the notes taxable as costs, without express stipulation to that effect. The item was properly rejected."

In Sedlacek v. Bryan (C. C.) 192 Fed. 361 (1911) District Judge Chatfield upheld the action of the clerk in refusing to tax an item paid for the taking of testimony upon a jury trial. In the course of his opinion he said:

"There being no official stenographer, one-half of the charges for taking the testimony is usually borne by each party, if an exact record is wished. In case the minutes are written out, the party securing these minutes pays the additional charge for transcribing. Where this has been done by agreement, the successful party taxes his share for taking the testimony against the unsuccessful party, and if the unsuccessful party wishes a record for appeal he is bound to secure that for himself."

In not one of the cases cited has the court construed rule 50 of the equity rules. In only one of the cases was the question before a Circuit Court of Appeals, and in that case the action of the District Judge was affirmed, disallowing the stenographer's fee.

A close scrutiny of the language of the statute, and a careful examination of the decisions, leaves us in no doubt as to how we ought to decide the questions involved. This court adjudges:

[2] 1. That a copy of the stenographer's minutes of a trial furnished to one of the parties is not a copy of a paper necessarily obtained for use on the trial within the meaning of section 983 of the Revised Statutes. In reaching this conclusion we adhere to what was said by Chief Justice Fuller in The William Branfoot, supra.

2. That a party who obtains for his own convenience and use on the trial a copy of the stenographer's minutes is not entitled to have the amount paid the stenographer therefor taxed under equity rule 50. Under that rule the amount paid to the stenographer which can be taxed is the fee fixed by the court for the copy used by the court. It does not include the amount expended by one of the parties for a copy obtained simply for his convenience at the trial. Whether it would include the cost of a copy obtained after trial and for the pur-

pose of preparing the case for argument in this court upon an appeal is not before us and is not decided. If the purpose of that rule was to change the existing law so as to confer upon a party to the action a right to tax for a copy of the minutes furnished him for use at the trial, the intention would have been clearly expressed, and would not have been left to be inferred from doubtful language.

No doubt the transcript of the testimony obtained by the defendant was convenient for him to have. Whether it was necessary for him to have it is quite another matter. It does not follow that it was "necessary" and taxable because it was convenient. See Hoyt v. Jones, 31 Wis. 389; Mark v. City of Buffalo, 87 N. Y. 184; Bathgate v. Irvine, 126 Cal. 135, 58 Pac. 442, 77 Am. St. Rep. 158.

The District Court erred in refusing to strike from the bill of costs the item of $432.90 alleged to have been paid by the defendant for a copy of the stenographer's minutes. The orders appealed from are reversed, with the costs of this appeal, and the District Court is directed that the said costs should be allowed in reduction of the judgment docketed.

<hr>

⬦⟷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes