CHRISTENSEN et al. v. GENERAL ELECTRIC CO.

(District Court, N. D. New York. January 15, 1918.)

No. 186.

1. COSTS ⬤⟶48—DISMISSAL—SUITS IN EQUITY.
    Legal and allowable taxable costs are in the discretion of the court on the dismissal of a bill in equity.

2. COSTS ⬤⟶48—DISMISSAL—"FINAL DETERMINATION"—"FINAL HEARING."
    Where, in a patent infringement suit, it was stipulated and ordered that each party should furnish the other a copy of all depositions, without making any charge before the decision of the case, but that the cost should be taxed as part of the costs of the suit on the final determination thereof, the dismissal of the suit at plaintiffs' cost on their motion was a "final determination," and entitled defendant to tax the items mentioned in the stipulations; the dismissal being a "final hearing" in one sense, though not in the usual sense of a hearing on the merits.
    [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Determination; Final Hearing or Order.]

3. PATENTS ⬤⟶325—INFRINGEMENT SUITS—DISMISSAL—COSTS.
    Under District Court rule 11, requiring all papers furnished the court in calendar causes, with certain exceptions, to be printed, and Rev. St. § 983 (Comp. St. 1916, § 1624), providing that the amount paid printers, etc., shall be taxed, the cost of printing the record in a patent infringement suit was taxable, though, in the absence of a rule or statute requiring such printing, the expense is not taxable.

4. PATENTS ⬤⟶313—INFRINGEMENT SUITS—DISMISSAL—COSTS.
    In granting a motion to dismiss a patent infringement suit without prejudice to the bringing of a new action, the court had power to dismiss it at plaintiffs' cost.

---

⬤⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**5.** PATENTS ☞313—INFRINGEMENT SUITS—DISMISSAL—COSTS—"AT COST OF PLAINTIFFS."

The dismissal of a patent infringement suit without prejudice "at the cost of the plaintiffs" was a dismissal with taxable costs, which included disbursements incurred and paid, which would have been taxable, had the case gone to a final hearing and decision favorable to defendant.

**6.** PATENTS ☞325—INFRINGEMENT SUITS—DISMISSAL—COSTS.

On dismissal of a patent infringement suit at the cost of plaintiffs on their motion, charges for transcribing five copies of depositions were not taxable.

**7.** PATENTS ☞313—INFRINGEMENT SUITS—DISMISSAL—COSTS.

An order dismissing a patent infringement suit, "without prejudice, however, to the plaintiffs to commence a new action within one year, upon the payment to the defendant of the taxable costs," did not impose costs as a condition of dismissing the suit, but conditioned the bringing of a new action within one year on the payment of costs.

In Equity. Suit by Niele A. Christensen and others against the General Electric Company. From a taxation of costs, plaintiffs appeal. Affirmed.

Visscher, Whalen & Austin, of Albany, N. Y., for appellants.

Charles Neave and Clarence D. Kerr, both of New York City, for appellee.

RAY, District Judge. This suit was at issue and on the calendar for final hearing at the February, 1917, term of this court. The solicitors for the plaintiffs presented and filed a petition, accompanied by an affidavit, the material part of which stipulation reads as follows:

"Wherefore they pray that the said bill may stand dismissed out of this court without prejudice. These plaintiffs present herewith a stipulation, duly executed by their duly authorized attorneys, agreeing that all depositions hitherto taken in this cause may be used in any subsequent or other pending litigation between the above-named plaintiffs and defendant."

The affidavit related to the inability of plaintiffs to procure funds to prosecute the suit. On a hearing of both parties, an order of dismissal was entered February 15, 1917; in place of same, and on a further hearing an amended order was substituted March 20, 1917, reading, so far as material, as follows:

"Ordered, that the said bill stand dismissed out of this court at the cost of plaintiffs, without prejudice, however, to the plaintiffs to commence a new action within one year; and it is further

"Ordered, that all depositions stipulated or otherwise hitherto taken in this cause may be used in any other pending or subsequent litigation between the above-named plaintiffs and defendant on any of the patents involved herein; and it is further

"Ordered, that as a condition of the dismissal the defendant may take by deposition the testimony of such witnesses as it deems necessary to perpetuate for the defense of its case, and that any such depositions so taken may be used by defendant in any other pending or subsequent litigation between the above-named plaintiffs and defendant or any of the patents involved herein."

October 31, 1917, the defendant duly presented a bill of costs for taxation, on notice, amounting to $844.45, and the matter was ad-

journed to November 27, 1917. Objections were filed: (1) That there had been no final determination of the cause; (2) the bill of costs was not verified; (3) "the taxed bills covering the fees of the clerk, attorneys and solicitors, notaries, amount paid printers, amount paid witnesses and for copies of exemplification, etc., have not been filed. with the clerk;" (4) the items included in the bill of costs under the heading, "Costs of Reporting Defendant's Record," are not authorized by any law of the United States; (5) a docket fee in any equity case is not taxable, where there has been no final hearing and determination of the cause; (6) in an equity case solicitors' fees for the taking of depositions are not taxable as costs, where there has been no final determination of the case.

On the taxation the clerk struck out the "docket fee, $20;" "solicitors' fees, at $2.50;" defendant's depositions, $27.50; also $86.80 of the charge "costs of reporting defendant's record," viz., paid for transcribing certain depositions of named witnesses (5 copies), which was charged at $217; part of the charge for transcribing depositions of certain witnesses named (5 copies), and one-half of a notary's fee and photo copies, $24.75—in all, $184.83, and taxed the bill of costs at $659.62. Of this $146.37 is for transcribing certain depositions of witnesses, $32 for notary fees, $62 for certifying defendant's record for file $376.80 for printing defendant's record, and the balance for witness fees and mileage.

[1] Legal and allowable taxable costs are in the discretion of the court on the dismissal of a bill in equity. Here on plaintiffs' motion it was ordered that "said bill stand dismissed out of this court at the cost of plaintiffs." It was without prejudice, however, to the commencement of another action for the same cause. There was no final hearing, and no decree on the merits.

[2] What costs may a defendant recover in an equity action, where there has been no final hearing and decree and it is dismissed on the motion of the plaintiff "at the cost of plaintiffs"? September 12, 1916, it was stipulated between the parties to the suit that the deposition of one Potter and the stipulated testimony of Priest, Libby, and Day be used at the trial the same as if taken without the district, and "that a printed copy of said testimony may be filed in lieu of the original typewritten copy thereof." December 12, 1916, it was stipulated between the parties, and on filing same an order of the court was entered thereon December 28th, that "each party shall furnish to the other a copy of all depositions taken in its behalf without making any charge therefor before the decision of the case, but the cost of such copies, as well as of the original, shall be taxed as part of the costs of the suit upon the final determination thereof." This plainly indicates that copies of depositions taken by the one party were to be furnished the other without charge therefor at the time, but that on the termination of the suit, if costs were awarded, the cost of such copies and of the original should be taxed in favor of the one furnishing the same, if successful in the suit, against the other. No charge was to be made therefor before the "decision of the case," but the cost thereof was to be taxed "as a part of the costs of the suit upon the final termina-

tion thereof." It was then contemplated there would be a trial or final hearing and a "decision of the case" and "a final determination thereof."

The order of December 28th was not in exact accordance with the stipulation thereto annexed. The order added the words "upon the final determination thereof." February 15, 1917, a stipulation dated December 12, 1916, was filed, and an order made "that each party shall furnish to the other a copy of all depositions taken in its behalf, without making any charge therefor before the decision of the case, but the cost of such copies, as well as of the original, shall be taxed as part of the costs of the suit, and that an order of court may be entered in accordance herewith." I think this stipulation is numbered in this case erroneously, and belongs with the second case between the same parties, to which attention will be directed.

This suit has been dismissed on motion and application of the plaintiffs and finally disposed of. It has not been decided on the merits, as the plaintiffs saw fit to take the course they did and the court granted the dismissal on terms—that is, "at the cost of the plaintiffs," which means with costs, if the words used have any significance whatever. The cause of action has not been passed upon, or its merits decided. Another suit may be brought thereon. When the plaintiffs moved for a dismissal, and it was granted, there was a "final hearing" in one sense, so far as this suit is concerned. It was not a "final hearing" in the usual sense; that is, on the merits.

In Ryan v. Gould (C. C.) 32 Fed. 754, an equity suit, the bill was dismissed on complainant's motion "with the usual costs to defendant," and, as was done here, the docket fee of $20 was disallowed by Judge Lacombe, as was the charge for copies of file wrapper and certain patents procured by defendant to enable him to properly prepare his defense. In Wooster v. Handy (C. C.) 23 Fed. 49, Judge Blatchford said "that to constitute a final hearing in equity * * * there must be a hearing of the cause on its merits." The first stipulation referred to does not state that the cost of the documents or copies are to be taxed as a part of the costs of the suit upon a final hearing thereof, but "upon the final determination thereof." In Kaempfer v. Taylor (C. C.) 78 Fed. 795, Judge Townsend held that, "to constitute such a 'final hearing' as will authorize the taxation of a solicitor's docket fee of $20 under section 824, Rev. St. [Comp. St. 1916, § 1378], there must be a hearing of the cause on the merits." Is "final hearing," as used in the statute, the same as "final determination," as used in the stipulation referred to?

The plaintiffs here place the same meaning on the words "upon the final determination thereof" as if the stipulation read "upon the final determination thereof after a hearing on the merits." Taking the second stipulation and order, it is absolute that "the cost of such copies as well as the original shall be taxed as part of the costs of the suit." This seems to mean that such costs are to be taxed, without regard to whether the suit was decided on "final hearing" or dismissed "at cost of plaintiffs" prior to a final hearing. Why may not the parties so stipulate? The costs of the suit are such as the court, acting within

its powers, grants. Stallo v. Wagner, 245 Fed. 636, —— C. C. A. ——, is not concerned with stipulations, but there are numerous cases where they have been recognized. See Sedlacek v. Bryan (C. C.) 192 Fed. 361. My impressions are very strong that these stipulations were intended to carry to. the prevailing party the cost of the items mentioned therein on a dismissal or final determination of the suit for any cause. The court on motion of plaintiffs determined to finally dismiss the pending suit at the cost of plaintiffs.

[3] The cost of printing the record is another matter and is not covered by stipulation. In this district, rule 11 (old circuit rule, now district rule 11) provides:

"The cases and points and all other papers furnished to the court in calendar causes, other than causes for trial before a jury, except the papers sent up from the District Court on appeals in admiralty cases, shall be printed on white writing paper, with a margin on the outer edge of the leaf not less than two inches wide. The printed page, exclusive of any marginal note or reference, shall be seven inches long, and three and a half inches wide. The folios, numbering from the commencement to the end of the papers, shall be printed on the outer margin of the printed page. But the court or either judge thereof, may, before the papers are printed, and at least ten days before the time for which the cause is noticed, or is to be noticed for hearing, by written order, dispense with the printing of papers as aforesaid, a copy of which order shall be served on the attorneys of the parties to the suit interested in such hearing, at least ten days before the day appointed for such hearing. (October Term, 1864)."

This·rule has never been abrogated or changed. It was adopted at the October term, 1864, by the judge then in office in this district. This has the force of law and requires the printing of the record in equity cases, unless the judge by order dispenses therewith. This I have always done on request. When a rule of court makes it obligatory on a party to print his record, it would seem that the cost thereof ought to be a proper charge against the losing party. See Stallo v. Wagner, 245 Fed. 636, 638, —— C. C. A. ——, and section 983, R. S., there quoted. In Kelly .v. Springfield Ry. Co. (C. C.) 83 Fed. 183, page 187, the court expressly held:

"In no case is the printing of the record and of briefs a taxable cost, except where there is a rule of court requiring the same to be printed, or where there is a stipulation to the same effect."

It is evident the papers and witnesses and depositions of witnesses allowed for by the clerk were obtained for use on the trial or final hearing, then anticipated, and are allowable under Monahan v. Godkin (C. C.) 100 Fed. 196. There are statutory costs allowable only when a final hearing is had, as we have seen, and as the clerk recognized; but this does not apply to all disbursements when awarded as a condition. This printing was necessary if the defendant would comply with the rule of court. The record was not printed for the convenience of counsel or the parties plaintiffs. The rule quoted is silent as to the taxation of the cost of printing the record, but section 983, R. S. (U. S. Comp. Stat. 1916, vol. 3, p. 3223, § 1624), provides:

"The bill of fees of the clerk, marshal, and attorney, and the amount paid printers and witnesses, and lawful fees for exemplifications and copies of

papers necessarily obtained for use on trials in cases where by law costs are recoverable in favor of the prevailing party, shall be taxed by a judge or clerk of the court, and be included in and form a portion of a judgment or decree against the losing party. Such taxed bills shall be filed with the papers in the cause."

This expressly names "amount paid printers." I think the allowance for the charge of printing defendant's record clearly right under the statute and following authorities: Hake v. Brown (C. C.) 44 Fed. 734; Dennis v. Eddy, Fed. Cas. No. 3,793; Neff v. Pennoyer, Fed. Cas. No. 10,084; Jordan v. Agawam Woolen Co., Fed. Cas. No. 7,516. These cases demonstrate, I think, that where there is a rule requiring it the cost of printing the record is taxable. In the absence of a rule or statute requiring such printing such expense is not taxable. Atwood v. Jaques (C. C.) 63 Fed. 561.

[4-6] My conclusions are that under the rule in this district and the statutes referred to the cost of printing defendant's record was properly allowed by the clerk, that the items mentioned in the stipulations were properly allowed, and that there has been a final determination of this case within the meaning of such stipulation; also that this court had power, on granting the order on plaintiffs' motion dismissing the case without prejudice to the bringing of a new action on the same cause of action, to dismiss it "at the cost of the plaintiffs," and that the words used mean with taxable costs, and that these costs include disbursements incurred and paid by defendant prior to such dismissal, which would have been taxable, had the case gone to a final hearing and decision favorable to defendant. If this is not the intent and meaning of the language used, it is difficult to ascribe to the words any meaning at all. During the proceedings on taxation the bill of costs was verified and the bills were filed, and as the docket fee and solicitor's fees were stricken out by the clerk, these various objections are out of the case. The clerk struck out the charge for five copies properly.

[7] These observations are determinative to an extent of the appeal from taxation of costs in equity cause No. 195 between the same parties. In that case, however, there is no charge for printing, and the order of dismissal, so far as material, reads:

"Ordered that said bill stand dismissed out of this court, without prejudice, however, to the plaintiffs to commence a new action within one year, upon the payment to the defendant of the taxable costs."

On merely reading this order, made on plaintiffs' motion to dismiss and granted by the court, it becomes a question whether the action was dismissed upon the payment to the defendant of the taxable costs, or dismissed without the imposition of costs as a condition of such dismissal, but with a provision that such dismissal is without prejudice to a new action by plaintiffs within a year upon payment to the defendant of the taxable costs; that is, are costs imposed as a condition of dismissing the suit, or is the payment of taxable costs made a condition of bringing a new action for the same cause within a year? I have given the punctuation as found in the original order which was drawn by plaintiffs' counsel and "approved as to form" by defend-

ant's counsel. Both causes, 186 and 195, were up at the same time, and the original order in 186 was entered at the same time as this order just quoted from in No. 195. So far as costs are concerned, the conditions of dismissal in both cases read the same; but, as stated, an amended order, with a decided change of language as to costs, was substituted in case No. 186. There was no amended order of dismissal or change of language in the order in No. 195. In No. 186 the original order read:

"Ordered that said bill stand dismissed out of this court, without prejudice, however, to the plaintiffs to commence a new action within one year, upon the payment to the defendant of the taxable costs."

The amended and substituted order reads:

"Ordered, that the said bill stand dismissed out of this court at the cost of plaintiffs, without prejudice, however, to the plaintiffs to commence a new action within one year."

This change is significant, and points to the conclusion that, while defendant may tax its costs and enforce payment as a condition of the plaintiffs bringing a new action for the same cause within a year from such dismissal, it cannot collect or enforce payment unless such new action is brought within the time specified. In No. 195 the suit was dismissed without costs as a condition of such dismissal, but with leave to plaintiffs to commence a new action for the same cause within one year and with the condition of dismissal that in case such action is brought the defendant is to recover the taxable costs of the first suit. The object was to make the practice conform to the New York state practice that where a cause is dismissed, but not on the merits, and a new action is brought for the same cause against the same defendant, as in such case it may be, it cannot be prosecuted until the costs of the first action are paid. The amount of the bill of costs in 195 as finally taxed by the clerk is correct. With this limitation and condition, and for this purpose, the taxation in 195 is also affirmed.