HODGMAN et al. v. ATLANTIC REFINING CO. et al.

(District Court, D. Delaware. October 2, 1925.)

No. 452.

1. Costs ⬦154, 169, 176, 189, 190—Disbursements of plaintiffs' counsel for court stenographer, taking of depositions, notarial fees, etc., allowed.

Claims of plaintiffs' counsel for disbursements to court stenographer, for taking of depositions, for photostat exhibits, and for notarial fees, cost bonds, process server's fees, and printing of complaint and briefs, held allowable.

2. Costs ⬦195—Claims for disbursements for clerk's costs and marshal's fees disallowed before final decree, as more properly determined on taxation of costs.

Claims for disbursements of plaintiffs' counsel for clerk's costs and marshal's fees will be disallowed before entry of final decree, as being more properly determinable on taxation of costs.

3. Costs ⬦207—Counsel's disbursements for estimated railroad fares, hotel expenses, long-distance telephone calls, etc., not allowed, in absence of evidence of their complete accuracy.

Claims of plaintiffs' counsel for estimated railroad fares and hotel expenses, long-distance telephone calls, telegrams, and stenographer and clerk's hire, cannot be allowed in amount asked, or in lesser sum, in absence of showing of their complete accuracy.

4. Costs ⬦207—Counsel, desiring reimbursement for expenses, should keep full and accurate account thereof, and prove necessity therefor with certainty.

Counsel, desiring reimbursement for expenses, should keep full, complete, and accurate account of their disbursements, and prove necessity therefor with certainty and precision.

5. Costs ⬦172—Circumstances considered in fixing compensation for services of counsel stated.

Cardinal circumstances considered in fixing compensation for professional services of counsel are character and amount of services rendered, amount of money or value of property involved in litigation, and whether fee is absolute or contingent; but, where amount of money involved is large, such amount should be considered apart from other factors in arriving at just compensation.

6. Costs ⬦172—Compensation of counsel for plaintiffs, recovering between $3,000,000 and $4,000,000, determined.

Counsel for plaintiffs, recovering for their client, a corporation, between $3,000,000 and $4,000,000 as damages for fraudulent transactions whereby defendants acquired corporate stock of plaintiff, held entitled to allowance of attorney fees computed at one-third of first $500,000, 10 per cent. on excess not exceed-

ing $1,000,000 and 5 per cent. on all moneys recovered in excess of latter sum.

In Equity. Suit by Marshall Hodgman and others against the Atlantic Refining Company and another. Final decree in accordance with former opinion (300 F. 590), with allowance for professional services and disbursements by plaintiffs' counsel directed.

See, also, 2 F.(2d) 893.

Andrew C. Gray, Herbert H. Ward, and E. Ennalls Berl (of Ward, Gray & Ward), all of Wilmington, Del., Arthur Berenson, of Boston, Mass., and Lawrence Berenson, of New York City, for plaintiffs.

Robert H. Richards, of Wilmington, Del., and Ira Jewell Williams and Yale L. Schekter, both of Philadelphia, Pa., for defendant Atlantic Refining Co.

Charles F. Curley, of Wilmington, Del., for defendant Superior Oil Corporation.

MORRIS, District Judge. Two questions remain before the court, necessary to be decided before entry of final decree in the above-stated cause. The first question is whether the relief as to the 10-year contract for the sale of oil should be cancellation of that contract or damages. With respect to this matter I am not disposed to change the view expressed in the opinion heretofore filed. 300 F. 590. The second question is: What allowance should be made to counsel for plaintiffs for their professional services and disbursements? For their disbursements they seek allowances for the following items:

(1) William F. Smart, court stenographer .....................$1,420.50
(2) Harris S. Stacey, for taking of the depositions of witnesses in New York, including official copy filed and copy to defendants 1,435.81
(3) Alonzo Walker, for taking of the depositions of witnesses in Louisville, Ky., including official copy filed and copy to defendants. ...................... 300.00
(4) Photostat exhibits, being part of Louisville depositions, including official copy filed and copy to defendants. ................. 136.60
(5) Paul H. Wisewall, for taking of depositions in Cincinnati, Ohio, including official copy filed and copy to defendants. .......... 221.13
(6) Lester E. Jaffe, notarial fees.. 34.19
(7) Premiums on cost bonds....... 30.00
(8) United States clerk's costs..... 80.00
(9) United States marshal's fees, estimated. ................... 25.00
(10) Process server's fees (New York) ...................... 21.00
(11) Printing of complaint......... 130.00

(12) Freemont Payne Press, for printing of briefs ............$ 752.26
(13) Railroad fares and hotel expenses of Messrs. A. Berenson and L. Berenson, including about 20 trips to Wilmington each for Arthur Berenson and Lawrence Berenson from Boston and New York, and at least 35 days' hotel expenses for each in Wilmington, estimated. .................... 2,250.00
(14) Over 60 trips made by Arthur Berenson from Boston to New York during 4 years, and at least 10 trips by Lawrence Berenson—railroad fares at $25 the round trip, estimated........ 1,750.00
(15) Hotel expenses of Mr. Arthur Berenson in New York during said 4-year period, at least 350 days, estimated .............. 7,500.00
(16) At least 20 trips of A. C. Gray and several trips by Mr. Berl from Wilmington to New York, including hotel expenses, estimated. .................... 1,200.00
(17) Railroad fares and hotel expenses, Mr. A. Berenson, Lexington, Ky., Louisville, Ky., and Cincinnati, Ohio (2 separate trips), estimated. ........... 500.00
(18) Long-distances telephone calls, average of 5 calls per month for 48 months between Boston and New York, at $3, estimated. .................... 660.00
(19) Long-distance telephone calls, Wilmington and New York, average of 3 calls per month for 48 months at $2, estimated.... 288.00
(20) Telegrams between Boston, New York, and Wilmington, average of 3 per month for 48 months, at 50 cents, estimated........ 72.00
(21) Stenographer and clerk's hire, exclusively for case, estimated. 2,500.00
(22) Part time stenographer's and clerk hire in 4 years, in New York, Boston, and Wilmington, estimated. ................. 6,500.00

[1-4] Items 1 to 7, inclusive, and 10 to 12, inclusive, are allowed. All the other items are disallowed. Items 8 and 9 are now disallowed, for the reason that their allowance or disallowance is a question more properly to be determined at the time of the taxation of the costs. Items 13 to 22, inclusive, are estimates only. They are not supported by evidence showing their complete accuracy. I cannot, in the absence of such evidence, either presume or make a finding that they are accurate, nor may a portion of the estimated disbursements represented by the items in question be allowed, if there is no evidence upon which I may base a finding that any lesser sum was the sum actually and necessarily expended by counsel. If counsel desire reimbursement for expenses, I think a

full, complete, and accurate account of their disbursements should be kept, and the amount thereof and the necessity therefor proved with certainty and precision. Whether a lawyer may in any event be reimbursed, out of a fund, for expenditures made for the purposes set out in the items in question, I do not now pass upon.

[5] The remaining branch of the second question to be considered is what allowance should be made for professional services to counsel for plaintiffs from the moneys found due from the Atlantic Refining Company to the Superior Oil Corporation. Counsel ask for one-third of such moneys, together with interest from the date of the allowance, with such additional allowance as the court may deem proper for the services rendered by them in relation to the 10-year oil contract. Inasmuch as the amount to be recovered will, with interest, probably be between $3,000,000 and $4,000,000, I think the allowance to counsel for plaintiff of one-third of the entire amount recovered would be excessive. The cardinal circumstances to be considered in fixing compensation for professional services of counsel are the character and amount of the services rendered, the amount of money or value of the property involved in the litigation, and whether the fee is absolute or contingent. Other facts are sometimes mentioned in this connection by the courts, but such facts are in the main, if not entirely, nothing more than factors or subdivisions of the circumstances stated. Where compensation is sought in cases in which the amount of money involved in the litigation is large, as here, I think a more just compensation can be arrived at by considering the amount of money involved in the litigation, apart from the other factors entering into the fee problem.

[6] Considering the character and amount of the services rendered, and that the fee is contingent, I think a fee of 33⅓ per cent. of the amount to be recovered would be reasonable and proper, and also adequate in this case, were the amount involved and to be recovered not more than $500,000. A necessary and inevitable corollary is embraced, however, in this finding, and that is that a fee of 33⅓ per cent. of $500,000 properly compensates counsel in this case for all matters to be considered in respect thereto, other than the amount of money involved and to be recovered. As it is obvious, and has been uniformly held, that the responsibility, care, anxiety, and mental labor of counsel is greater where the amount in controversy is large than where it is small or insignificant,

notwithstanding the issues of law and fact may be otherwise the same, it is manifest that counsel here are entitled to some compensation for such added responsibility, caused by the amount of money in excess of $500,000 here involved. But as, in my opinion, they are entitled only to 33⅓ per cent. where the character and amount of service are elements, and those factors have been substantially, if not entirely, cared for in the percentage allowed on the $500,000, it follows that the percentage to be allowed as a fee upon the moneys in excess of $500,000 to be recovered should be substantially less than 33⅓ per cent. This is in brief, as I understand it, the principle which has brought about the fixation of fees upon a sliding scale in foreclosure, partition, and many other cases. Applying this principle to the facts at bar, I think that counsel are entitled to 10 per cent. upon the moneys recovered in excess of $500,000 and not exceeding $1,000,000 and 5 per cent. upon all moneys recovered in excess of $1,000,000, and that such allowance is just and reasonable, both to counsel and to the Superior Oil Corporation.

I think the matter of the 10-year contract calls for no separate or distinct allowance.

A final decree may be submitted on Friday, the 9th day of October next, at 10 o'clock in the forenoon.