## THE TERNE.

### DYAL PRODUCE CORPORATION v. MUNSON S. S. LINE.

### No. 11312.

District Court, E. D. New York.
July 11, 1932.

Hunt, Hill & Betts, of New York City, for libelant.

Irving L. Evans, of New York City, for respondent.

Haight, Smith, Griffin & Deming, of New York City, for claimant Bergen Lloyd A/S.

MOSCOWITZ, District Judge.

This is a motion made by the respondent Munson Steamship Line for an order permitting it to tax a per diem allowance of $3 per day expenses for subsistence for four witnesses for each day's attendance upon the trial of the action herein and time necessarily occupied in traveling to attend court and return home.

This action was brought by the Dyal Produce Corporation against the Munson Steamship Line and steamship Terne to recover alleged damages to a cargo of potatoes shipped from Prince Edward Island to Cuba in January, 1929. The trial was held on February 10, 11, 15 and 16, 1932, and resulted in a decision upon the merits dismissing the libel with costs.

The Munson Steamship Line caused three witnesses, namely, George H. Buntain, Wallace MacDonald, and Lou Douglass to come from Prince Edward Island, and one witness, John S. Fasick, from Altoona, Pa. These four witnesses attended in court on February 10, 11, 15 and 16, and necessarily remained here during the intervening holiday on February 12th and on the week-end of February 13th and 14th which interrupted the trial.

The places of residence of these four witnesses were so far removed from the court that they could not return to their homes from day to day.

The Munson Steamship Line's allowance of $3 per day for the expenses of subsistence of each witness while actually attending and for each day necessarily occupied in traveling to attend court and return home should be allowed.

United States Code, title 28, section 600c (28 USCA § 600c) (April 26, 1926) provides: "Witnesses attending in such courts, or before such commissioners, shall receive for each day's attendance and for the time necessarily occupied in going to and returning from the same $2, and 5 cents per mile for going from his or her place of residence to the place of trial or hearing and 5 cents per mile for returning: and provided further, That witnesses (other than witnesses who are salaried employees of the Government and detained witnesses) in the United States courts, including the District Court of Hawaii, the District Court of Porto Rico, and the Supreme Court of the District of Columbia, who attend court or attend before United States commissioners, at points so far removed from their respective residences as to prohibit return thereto from day to day, shall, when this fact is certified to in the order of the court or the commissioner for payment, be entitled, in addition to the compensation provided by existing law, as modified by sections 600a to 600d of this title, to a per diem of $3 for expenses of subsistence for each day of actual attendance and for each day necessarily occupied in traveling to attend court and return home."

The libelant objects to the payment of the expenses of subsistence of these witnesses for Lincoln's Birthday and the subsequent week-end, because they were not actually attending trial on those days.

This objection does not seem well founded, as it is not claimed that it was the fault of the respondent that its witnesses could not finish their testimony without a holiday and a week-end intervening.

The purpose of this statute is to reimburse the successful party to the extent of $3 per day when witnesses are brought from a distance to attend trial. The respondent is therefore entitled to the payment of $3 per day for each witness. In Schott v. Benson, 21 Fed. Cas. page 733, No. 12,479, witnesses from a distance were held entitled to fees for attendance on Sunday when detained over that day.

The libelant objects to the taxation of the fees and expenses of the witness George H. Buntain upon the additional ground that some testimony of Buntain, taken in this suit, was used in a later suit between the Munson Steamship Line and the Bergen Lloyd A/S, in which the libelant was not a party. Libelant claims that an allowance to the extent of one-half should be made for Buntain's fees and expenses.

This objection is without merit, as it appears that the Munson Steamship Line did not use the testimony of Buntain or any of the other witnesses involved in this motion, upon the trial of the suit between the Bergen Lloyd A/S and Munson Steamship Line.

Motion granted. Settle order on notice.