**HAYES et al. v. SURFACE COMBUSTION CORPORATION.**

District Court, S. D. New York.

Aug. 10, 1937.

John F. Ryan, of New York City (Wallace R. Lane, of Chicago, Ill., and Nathaniel Frucht, of Providence, R. I., of counsel), for plaintiffs.

Pennie, Davis, Marvin & Edmonds, of New York City (Dean S. Edmonds and Daniel V. Mahoney, both of New York City, of counsel), for defendant.

WOOLSEY, District Judge.

After very careful consideration of the arguments made on these motions and with the assistance of my full knowledge of this cause, which was on trial before me for many weeks, I decide the exceptions of the several parties as follows:

I. I sustain the defendant's exceptions to the reduction of the per diem fees of witnesses to $1.50, and hold that under Title 28, U.S.Code, Section 600c, 28 U.S.C. A. § 600c, the defendant was entitled to a $2 per diem witness fee when this cause was tried, i. e., between November 16, 1936 and February 11, 1937.

II. I sustain the defendant's exception to the reduction made by the Clerk in the expenses of the depositions, de bene esse, subsequently introduced into evidence by the defendant.

In theory the officer before whom a deposition de bene esse is noticed becomes a mandatory of the court although not directly appointed by it—a kind of special

516

master ad hoc—who reports the evidence without opinion. As such he is entitled to a reasonable fee for his services for the taking and later for the verification or signing of the deposition and for any certificates necessary to accompany it when it is sent on to the Clerk of the Court for use in which it is taken.

The other expenses which the Clerk did not tax, i. e., photostats of exhibits and postage for sending original depositions to the Clerk of the Court are obviously proper. Cf. Hodgman v. Atlantic Refining Company, D. C., 8 F.2d 777, 778.

III. I sustain the defendant's exception to the Clerk's disallowance of subsistence expenses at $3 per diem to witnesses who resided at such distance as to prevent their return home from day to day. Title 28, U.S.Code, Section 600c, 28 U.S.C.A. § 600c. The Terne, 60 F.2d 667, D.C.E.D.N.Y.1932.

IV. In the case of Marx who attended daily from Philadelphia for 16 days, his mileage was $144, his subsistence allowed by statute of $3 per day would be $48.

I rule that when the statutory daily allowance for subsistence is less than the statutory allowance for mileage involved in a daily return home—a situation not covered by Title 28 U.S.Code, Section 600c, 28 U.S.C.A. § 600c—the lesser sum should be taxed, for so doing is in accordance with the teachings of our Federal Jurisprudence, wherein parsimony governs costs.

Therefore, I overrule the defendant's exception in part, allowing it in the case of Marx $48 subsistence in lieu of all mileage except the $9 allowed by the Clerk.

V. During the trial a copy of the trial minutes of the previous day was furnished each morning to the Court and to counsel. The Court did not order this to be done. It was done at the instance of and for the convenience of the counsel for one or both of the parties, and must be considered as a trial aid to counsel rather than as a court imposed necessity. The daily furnishing of the minutes to the Court in this case was, therefore, merely an incident to the furnishing of copies of the minutes to counsel.

If this extra cost should be incurred for the Court's benefit and at its request, inquiry doubtless would, and certainly should be made by the judge trying the cause, as to whether both parties could afford the extra charge before ordering the minutes delivered daily. To make it possible for one party without a request from the Court to order daily delivery of the minutes, and then, in the event that it won the cause claim the extra cost thereof from the other party, would put into the hands of one party a power to overload the trial with an expense which might be wholly unwarranted by the situation involved.

That, as is said, other courts have allowed such expenses to be taxed, whether by rule or custom, does not persuade me that, unless the judge himself orders the minutes for overnight delivery and thus imposes the extra expense therefor on the parties, such an item should be taxed. The orders exhumed from the files of this Court, in the cases of Kintner v. Atlantic Communications Co., Equity No. 12-392 (1917), and Victor Talking Machine Co. v. Starr Piano Co., Equity No. 16-139 (1921), do not show the circumstances of those trials sufficiently to constitute precedents justifying what, in the absence of request from the trial judge, I consider an unfair result.

We have no rule in this Court for taxation of such expenses and, because I did not order the minutes delivered daily, the extra expense of overnight delivery was properly disallowed, and the defendant's exception to the Clerk's disallowance thereof is overruled. Cf. Stallo v. Wagner, 2 Cir., 245 F. 636, 641, 642.

VI. The plaintiffs have by withdrawing some of the objections made and objections taken by them before the Clerk reduced their challenge of the defendant's bill of costs as taxed to the question of the number of days the witnesses Marx, Comstock, and Ipsen were necessarily in attendance at the trial.

I now turn to this only exception urged by the plaintiff, namely, that witness fees were allowed to the witnesses Marx, Comstock and Ipsen for days other than those days on which they testified. Under my ruling here allowing subsistence for such other days also, that objection would apply to subsistence allowances as well.

The question, as to how many days these witnesses were necessarily in attendance is one which is difficult to weigh with accuracy, and, if it were not for my knowledge of the situation due to my having tried the cause, the defendant's affidavit

in support of its bill of costs would be wholly sufficient.

It seems to me that much latitude must be given to counsel in causes like this, and that they cannot properly be strait-jacketed as to attendance fees or subsistence allowances.

It goes without saying that a defendant must be ready to go on with his case when the plaintiff rests. So attendance fees obviously cannot be limited merely to the days when witnesses actually testify.

In every cause it is necessary for each party to have its experts and other witnesses present and ready to testify when their turn to be called may come. There is not anything in the record from which I can now tell on just what days the defendant's experts might have safely been absent. A fortiori there was not, during the trial, any way for the defendant's counsel to foretell such days.

In his affidavit verified April 30, 1937, the plaintiffs' counsel, with interested hindsight, limits the necessity of such attendance in the case of Marx and Ipsen to two days each, and in the case of Comstock to twelve or at most fourteen days. I cannot agree.

This was quite an unusual case and it was unexpectedly long.

On such a question as this each cause depends on its special situation, and no decision can be a precedent for another. Probably only the judge who presided on the trial can get sufficiently what would be called colloquially the "feel" of the situation to be able to determine even with approximate accuracy such a question as is now posed for me.

Marx, Comstock and Ipsen were in Court for the number of days claimed for each. They all three testified.

In the light of my knowledge of this cause, and in view of the importance of the testimony of these witnesses, and because defendant's counsel could not tell a priori in what order the tactics of his defense would make it advisable for him to examine these witnesses, I do not think the plaintiff has shown any reason for reducing the number of days for which the attendance fees were approved by me, i. e., for Marx 16 days, for Comstock 25 days, and for Ipsen 30 days.

VII. An order must be entered incorporating this memorandum opinion by reference, and allowing retaxation of the costs in this cause in accordance herewith. The order must also contain a provision certifying, as required by Title 28, U.S.Code, Section 600c, 28 U.S.C.A. § 600c, that the witnesses other than Marx, to whom subsistence allowances are granted, resided so far from the court as to prohibit their daily return to their respective residences, and, as to Marx, that a subsistence allowance is granted to him because it is a less sum than a mileage allowance from Philadelphia for daily commuting from that city during his attendance on that trial.

This order may be presented for a settlement on three days' notice, and should be promptly entered, so that, on the appeal of this cause, which is contemplated, as I understand it, by the plaintiffs, either party may, if so advised, assign error to these rulings of mine on costs.