RACHEL CANTER, ADMINISTRATRIX OF DAVID CANTER, DECEASED, CLAIMANT *vs.* THE AMERICAN INSURANCE COMPANY AND OCEAN INSURANCE COMPANY OF NEW YORK, APPELLANTS.

The libellants, in their original libel in the district court of the United States for the district of South Carolina, prayed that certain bales of cotton might be decreed to them with *damages* and costs. Canter, who also claimed the cotton, prayed the court for restitution, with *damages* and costs. The district court decreed restitution of part of the cotton to the libellants, and dismissed the libel, without any award of *damages* on either side. Both parties appealed from this decree to the circuit court, where the decree of the district court was reversed, and restitution of all the cotton was decreed to Canter, with costs; *without any award of damages, or any express reservation of that question in the decree.* From this decree the libellants in the district court appealed to this court; no appeal was entered by Canter. Held, that the question of a claim of damages by Canter is not open before this court. The decree of restitution, without any allowance of damages, was a virtual denial of them, and a final decree upon Canter's claim of damages. It was his duty, at that time, to have filed a cross appeal, if he meant to rely on a claim to damages; and not having done so, it was a submission to the decree of restitution *and costs only.*

The counsel fees allowed as expenses attending the prosecution of an appeal to the circuit court and to the supreme court, in an admiralty case.

This is not a proper case for the award of damages. The proceedings of the libellants were in the ordinary course to vindicate a supposed legal title. There is no pretence to say that the suit was instituted without probable cause, or was conducted in a malicious or oppressive manner. The libellants had a right to submit their title to the decision of a judicial tribunal, in any legal mode which promised them an effectual and speedy redress. Where parties litigate in the admiralty, and there was a probable ground for the suit or defence, the court considers the only compensation which the successful party is entitled to, is a compensation in costs and expenses. If the party has suffered any loss beyond these, it is damnum absque injuria. [318]

It is of great importance to the due administration of justice, and in furtherance of the manifest intention of the legislature, in giving appellate jurisdiction to this court upon *final decrees only,* that causes should not come up here in fragments or successive appeals. It would occasion very great delays and oppressive expenses. [318]

The settled practice of this court is, that whenever damages are claimed by the libellant or the claimant in the original proceedings, if a decree of restitution and costs only passes, it is a virtual denial of damages; and the party will be deemed to have waived the claim for damages, unless he then interposes an appeal or cross appeal to sustain that claim. [318]

Costs and expenses are not matters positively limited by law, but are allowed in the exercise of a sound discretion of the court; and no appeal lies from a mere decree respecting costs and expenses. [319]

THIS case was heard at January term 1828, upon questions submitted to the court, on an appeal from the circuit court of the district of South Carolina. 1 Peters, 511. The court then decided in favour of the claimant, and directed restitution of the cotton, which was the subject of the controversy between the parties; having affirmed the decree of the circuit court of South Carolina. By the mandate to the circuit court it was ordered, " that such execution and proceedings be had, as according to right and justice, and according to the laws of the United States, ought to be had." Upon the filing of the mandate the circuit court ordered, "that the case be put on the docket, and it be referred to the officer of this court to examine into the damages sustained by the claimant, David Canter, in consequence of the proceedings of the libellants, and report thereon at as early a day as possible to this court.

The appellant, David Canter, thereupon filed in the circuit court " a statement of damages sustained by him, by the illegal seizure of three hundred and fifty-six bales of cotton, by order of the underwriters."

The statement set forth losses on the sales of the cotton, and expenses and payments connected with the same, amounting to $3639 87. Losses and probable gain on sales of rice purchased by the appellants, and which was sold instead of being shipped, in consequence of the proceedings of the appellees; the cost of protest and damages on a bill of exchange drawn by him, and dishonoured in consequence of the seizure of the cotton; law expenses at Charleston and Columbia, in South Carolina, and in Washington, and travelling expenses to and in Washington; papers from Key West, relative to judicial proceedings there; postages and protests, costs of the supreme court of the United States, and briefs; loss in the value of the cotton during the pendency of the proceedings, $2860.

The counsel for the appellees filed with the register of the court a protest against the order of reference made by the circuit court, to ascertain the damages alleged to have been sustained by the appellant, on the grounds, 1. That the mandate of the supreme court of the United States gives no

authority or instructions to the circuit court to inquire into damages. 2. That the decrees of the district, circuit, and supreme court, do not award damages to the appellant. 3 That the appellees were not in any manner liable for damages. 4. That at all events, the inquiry into damages cannot extend beyond the amount of the stipulations entered into by the appellees in the original proceedings, by which alone they are before the court.

The clerk of the circuit court refused all the claims preferred by the appellant, with the exception of the following:

Papers from Key West, to establish legality of proceedings there $51, postages and protests $20,      -     -     -     -     -     -     $71, 00

Costs of the supreme court and briefs $72 02, protest and damages on bill drawn by claimant $222,      -     -     -     -     -     -     294 02

This grew out of the cotton speculation, the bill was dishonoured in consequence of the seizure, the claimant not being in funds to take up the draft.

Counsel fees; at Charleston and Washington,     1150 00
                                                  —————
                                                  $1515 02

Also the loss on the sale of the cotton, which was made before the proceedings were instituted against the cotton, and which sale was not completed by reason of the same, with interest on the balance of the sale after deducting the actual proceeds of the cotton, when sold by order of the district court $3991 77; and also the actual loss on the rice purchased, to be paid for out of the proceeds of the cotton, rejecting the claim of probable profits, the sum actually allowed being $2820 67.

These allowances were all excepted to by the appellees, and the appellant also excepted to the refusal of the clerk of the circuit court to admit all of the claims preferred in "the statement."

The circuit court refused to allow to the appellant any of the items reported by the clerk, with the exception of some of those comprehended in the "incidental expenses." As to

those items, the clerk rejected the sum of $222 for protests and damages on a bill of exchange, and ordered the counsel fees of the appellant to be paid under the mandate, upon the authority of the Apollon, 9 Wheat. 362, as the costs awarded him by the supreme court $1372 82.

The appellant appealed to this court.

At the last term Mr Cruger moved to dismiss the appeal, on the ground that the mandate from this court gave no authority to the circuit court of south Carolina to assess damages to the appellant. This motion was opposed by Mr Coxe, for the appellant; and the court ordered the cause to be argued upon all the questions it involved, when it should be regularly called.

At this term, Mr Coxe for the appellant contended; that the decree of the circuit court from which the former appeal was taken, left the question of damages open. That appeal was taken by the claimants in the circuit court, now the appellees, and it was from a decree, in its nature interlocutory, and not final; and if this was not so, it was the act of those who are now appellees, and cannot prejudice the rights of the appellant.

In the case now before the court, the appeal has been taken by Canter only, and not by those who claimed the cotton. The only question therefore in this court is, whether sufficient damages have been awarded, as no cross appeal was entered, and there can be no inquiry whether damages may be assessed at all; this having been decided in the circuit court. The appellee cannot here impugn the decree below upon this point.

Is this then a case for damages, or rather for full compensation?

The entire record is now before this court; the pleadings and the evidence which were under consideration during the last term, still constitute a part of the case upon which the decision must be based.

It will be recollected that the claimant became the proprietor of the cotton at Key West, where it was found in the possession of certain salvors. The libellants were present, by

their agent, who was cognizant in the proceedings, acquiesced in them, and received the portion of the proceeds of sale to which they were entitled. The captain of the wrecked vessel was also present, and all participated in what was done there.

No proceedings were ever instituted by the libellants against the authors or abettors of the acts of which they complained. No attempt was ever made to arrest them in the progress of the business, to punish them afterwards, or to pursue the money in their hands. All was reserved for this innocent purchaser. Innocent he was, for this court has decreed the sale to be valid, and his title to be incontrovertible; innocent as regards them, for he did no one act in which they had not concurred.

They avowed their object to be to break up these proceedings at Key West; and this was to be effected by the ruin of this claimant.

This court has definitively settled the question of right between these parties; the libellants had no interest in the cotton, the subject matter of the suit. It was the property of the claimant.

In the prosecution of this suit against him, however, he has been deprived of this property; he has incurred heavy expenses and losses, and he asks not vindictive damages; he asks nothing *nomine pœnæ*; he merely asks to be placed in the situation he would have occupied had these proceedings never been instituted against him. He claims in fact nothing which may not properly be awarded under the name of restitution. This is emphatically the case in regard to the first item. The property has long since been disposed of; it probably has no longer an existence; restitution in specie must be had; the mandate of this court cannot be literally executed.

This has been rendered impracticable by the acts of libellants. They seized upon the article; they withdrew it from the control of the claimant. While thus retained by them, it is so disposed of, that the owner can never be restored to the actual enjoyment of it. What then are his rights and what will satisfy the order of this court that the property shall be restored?

He had entered into an actual contract to sell it for $17,425; that amount of money was in fact and in substance the object of the suit. The claimant had no right to the cotton which he had sold. He had a right to this amount of purchase money, and that was what the libellant sought to obtain from him. That was substituted in lieu of the cotton. To that sum, then, which was the real value of the cotton to him, the amount for which it had been sold, he is now entitled under the decree for restitution. This would have been the measure of damages had Canter brought trover for these goods. Kennedy *vs.* Strong, 14 Johns. 128. In replevin the same result would have happened; and it is stated by the court to be no more than an indemnification. Rowley *vs.* Gibbs, 14 Johns. 385.

But this seizure has been decided to be illegal and groundless. It was made upon a claim of right which has been disaffirmed. It is essentially a seizure without probable cause.

In the case of Gelston *vs.* Hoyt, 13 Johns. 30, and 3 Wheat. 46, it was held in the state courts as well as here, that a decree of restitution was conclusive, that the seizure was illegal, and that where such seizure was made without legal process, such decree intitled the party to recover in an action of trespass to the amount of the damage actually sustained by the seizure. Here the seizure was made through the intervention of the process of the court, but the only difference which is thereby produced is, that the claimant is not compelled to resort to an action of trespass to recover his damages; they may be awarded in the principal suit.

The general rule established in the case of the Apollon, 9 Wheat. 373, is that the party who seizes, seizes at his peril. The rule for estimating damages in that case was the actual value of the property with interest. 9 Wheat. 377. But the professed object is admitted to be *indemnification.* 12 Wheat. 17. How is that indemnification to be afforded? By placing the party where he would have been, if no such proceedings had been instituted.

The doctrines of the civil law may furnish the proper rule.

2 Bro. Civ. & Ad. Law, 407. Venius, Com. 889. Digest, B. 4. T. 4. s. 33, p. 166. Inst. B. 4. T. 16. s. 2.

The amount of the stipulation entered into in the district court, furnishes no rule for damages; excepting so far as it operates in favour of the sureties. Had no stipulation been required by the court, they still might have gone on to assess damages. It is not by the stipulation that the party subjects himself to the jurisdiction and judgment of the court, but by the very fact of filing his libel and proceeding in his suit. 10 Wheat. 446.

Mr Ogden, for the appellees, argued; that this was a claim for damages in a case where one judge had decided in favour of the claimants or appellees; and the appellees were now called upon to respond in damages, to an extent which, were the appellees private persons, would produce their ruin. The claim, he contended, was against every principle of law. In case of a seizure by a revenue officer, a certificate from the judge of probable cause will excuse damages. In case of capture, probable ground for making the capture is not a case for damages. There has been no case in which mere civil proceedings in a court to establish a supposed right, has exposed the party to such liability, unless the proceedings have been malicious. The penalty is costs and expenses, in cases of the former description.

In the case of Gelson vs. Hoyt, the vessel was acquitted, and a certificate of probable cause was refused by the district judge. Had the district court condemned the vessel in that case, would it have been said there was no probable cause? The Apollon, 9 Wheat. 373, was a case of capture without probable ground of proceeding.

1. Inasmuch as there was a decree of a competent court, that the seizure made by the appellees was one they had a right to make; this is not a case for damages.

2. It was also a case of first impression. It was a new case, and the party had a right to bring it before a court of the United States for examination. This also prevents its being a case for damages. The Lewis, 2 Dodson, Ad. Rep. 210.

Suppose the appellant entitled to damages. The decree of the circuit court of South Carolina was a final decree, or this court had no jurisdiction on the first appeal. If the party was entitled to damages, he should have presented his claim to the circuit court; not having done so, he could not prefer such a claim when the case went back on the mandate of this court. The matter in dispute was the cotton. It was sold by order of the court, and the proceeds paid into court. Those proceeds were all the court would look to, in any view of those proceedings. All cases of sale by a marshal would bring up claims to damages. The test of the value of the goods, and the sum in controversy between parties, is properly ascertained by sales, under the order or authority of a court by a regular officer.

It is said that if the cotton had not been taken out of the hands of Canter, by the proceeding of the appellees, it would have sold for more. He had at all times the right to take it out of the possession of the marshal by an appraisement and security.

As to probable cause exempting parties from damages. Cited, 1 Wheat. 21. 2 Rob. Ad. Rep. 132. Rose vs. Himely, 4 Cranch, 41.

There is no difference between actions for marine trespass, and civil proceedings, in the law of damages. Mariana Flora, Wheat. 58. The Palmyra, 12 Wheat. 17. 2 Bro. Civ. & Ad. Law, 100, 105, 398. The Apollo, 1 Hag. Ad. Rep. 306.

As to the costs of the appeal to this court. The counsel fees are a reasonable, but it may be doubted if they are a legal claim. 3 Dal. 301. 9 Wheat. 309. It is said in the latter case, that the allowance of counsel fees is in the discretion of the court. The case is not then a case for damages. If it is such a case, the appellant has waived them.

Mr Webster in reply. A view of this case may be taken, differing entirely from that which is entertained by the counsel for the appellees.

The vessel on board of which the cotton was originally shipped was wrecked. Salvage was decreed by the court at Key West, to be paid out of the proceeds of the cargo;

and Canter purchased the cotton at the sale made under the order of the court, and shipped it to Charleston. The right of the court at Key West to proceed against the property saved, for salvage, was denied; and at Charleston, the underwriters seized the property. Canter was in possession of the property under the decree of a court, and his right to the property was afterwards confirmed in the circuit court, and in this court.

This is the case of an action for a marine tort or trespass, not a question of prize. Jurisdiction of the case was taken on the ground of the case being of this character. It is an action in the admiralty to try the right of property between parties thus situated. What are the principles which apply to such a case? Not those which operate in revenue cases. In those cases, certificates of probable cause are allowed, because it is the duty of the officer to act, and if he proceeds on reasonable grounds he is protected. Cases or prize rest on similar principles; those of policy.

This case is not of such a character. The courts of common law and admiralty had concurrent jurisdiction of the case, and the insurance offices might have brought trespass at common law. They have chosen a proceeding in the admiralty, *in rem*, and they have taken the goods out of the possession of the owner. Goods cannot be taken without the taker being responsible in damages. In a suit at common law, bail would have been given, and the owner would have been left in the use of his property. The proceeding was like replevin for goods, where security is given to respond in damages.

Had Canter a right to any thing beyond what he received? To ascertain his loss, the value of the property at the time it was taken out of his possession must be adverted to. The property was taken out of his possession by the libellants; they elected this as their remedy, and one ordinarily leading to loss: and it is not for them to complain when they are called upon to make recompense for the loss. Cases of this kind arising on land are frequently tried. In all cases where property is seized unlawfully, the actor must respond in damages. It is no answer in such cases to say the party was proceeding in the course of regular litigation. He proceeds at his peril.

Every man may litigate at the charge of costs; but if in his proceedings he will change the possession of the property he claims, then he must indemnify the real owner when the claim is decided against him. In case of marine trespass, it is always in the equitable powers of the court to give damages, and the circuit court should have given them instead of putting the appellant to a separate action.

It is said that Canter should have made a claim to damages in the circuit court. The case was brought before the court by the appellees, on its former appearance here, and was sent back for further proceedings. It was in the power of the circuit court, when the case was again before them, to do all that the appellant could properly claim. Restitution, which the appellant was entitled to, was not to be made by restoring the thing itself; restitution could only be made by placing the appellant in the situation in which he was before the seizure.

Mr Justice STORY delivered the opinion of the court.

This case was formerly before this court, upon an appeal taken by the original libellants, the American and Ocean Insurance Companies, to the decree of the circuit court, awarding restitution of the property to the claimant, Canter, with costs. That decree was affirmed by this court, and a mandate issued to the circuit court, commanding "that such execution and proceedings be had in said cause, as according to right and justice, and the laws of the United States, ought to be had, the appeal notwithstanding." The case is reported at large in 1 Peters's Rep. 547.

When the case came before the circuit court upon the mandate, Canter made an application to the court to refer the same to the proper officer to examine into the damages sustained by him in consequence of the proceedings of the libellants, and to report thereon. A reference was accordingly made to the register to ascertain the damages; and when the case came on before him, the libellants entered a protest against any such proceedings, upon the grounds that the mandate gave no authority to inquire into damages; that none had been in fact awarded, either by the district,

circuit, or supreme court; and that the libellants were not in any manner liable for damages. The register, notwithstanding the protest, proceeded to inquire into the damages, and made his report thereon to the circuit court, where the same grounds of objection were again taken by the libellants. The court upon the hearing, asserted the right to inquire into the damages, as a matter undisposed of in the former decree; but denied any allowance of them upon the merits, and decreed costs and expenses only to the claimant. From this last decree both parties have appealed to this court; and the case now stands before us for judgment upon these cross appeals.

It is proper to add, that the libellants in their original libel prayed that the three hundred and fifty-six bales of cotton might be decreed to them, with *damages* and costs; and that the claimant Canter, in his claim, also prayed for restitution of the cotton, with *damages* and costs. The district court decreed restitution to the libellants of part of the cotton, and dismissed the libel as to the residue, without any award of damag on either side. Both parties appealed from this decree to the circuit court; where, upon the hearing, the decree of the district court was reversed, and restitution of all the cotton was decreed to Canter, with costs, (as has been before mentioned;) but without any award of damages, or any express reservation of that question in the decre

Two questions have been made and argued at the bar. The first is, whether, under the circumstances, the inquiry into damages could be entertained by the court below, after the cause was remanded for execution by the mandate of this court. The second is, whether, if such proceedings could be had, the present is a fit case for damages.

In respect to the last question, if we felt at liberty to entertain it, we should have no difficulty in concurring in the opinion of the circuit court, that this case was not a fit one for an award of damages. The proceedings of the libellants were in the ordinary course, to vindicate a supposed legal title to the property. There is no pretence to say, that the

suit was instituted without probable cause, or was conducted in a malicious or oppressive manner. The libellants had a right to submit their title to the decision of a judicial tribunal, in any legal mode which promised them an effectual and speedy redress. They have failed; not so much from any infirmity in their original title, as from the sentence of a court, of competent jurisdiction, (whose very jurisdiction was the matter in question), having been adjudged to be conclusive upon that title. Where parties litigate in the admiralty, and there was a probable ground for the suit or defence; the court consider the only compensation which the successful party is entitled to, is a compensation in costs and expenses. If the party has suffered any loss beyond these, it is, as was justly observed in the opinion of the circuit court, damnum absque injuria.

But we are of opinion, that the question of damages is not now open before this court. The original decree of restitution with costs, without any allowance of damages, or any express reservation of that question, was a virtual denial of damages, and a final decree as to the demand of damages set up by Canter in his original claim. It was his duty at that time to have filed a cross appeal, if he meant to rely upon his claim for damages; and not having then done so, it was a waiver of the claim, and a submission to the decree of restitution and costs only. It is of great importance to the due administration of justice, and is in furtherance of the manifest intention of the legislature, in giving appellate jurisdiction to this court upon *final* decrees only, that causes should not come up here in fragments, upon successive appeals. It would occasion very great delays, and oppressive expenses. We have already had occasion to advert to this subject in the cases of the Santa Maria, 10 Wheat. Rep. 431. The Palmyra, 10 Wheat. Rep. 502. Chace *vs.* Vasquez, 11 Wheat. Rep. 429. We wish it now to be understood by the bar, as the settled practice of this court, that wherever damages are claimed by the libellant or the claimant in the original proceedings, if a decree for restitution and costs only passes, it is a virtual

[Canter *vs.* The American and Ocean Insurance Companies.]

denial of damages; and the party will be deemed to have waived the claim for damages, unless he then interposes an appeal, or cross appeal, to sustain that claim.

As to the costs and expenses, we perceive no error in the allowance of them in the circuit court. They are not matters positively limited by law, but are allowed in the exercise of a sound discretion of the court. And, besides, it may be added, that no appeal lies from a mere decree respecting costs and expenses.

The decree of the circuit court is therefore affirmed with costs.

This cause came on to be heard on the transcript of the record from the circuit court of the United States for the district of South Carolina, and was argued by counsel; on consideration whereof, it is ordered and decreed by this court, that the decree of the said circuit court in this cause be, and the same is hereby affirmed, without costs, for the libellants.