### ELASTIC FABRICS COMPANY *v.* SMITH.

1. Where letters-patent expired before the final determination of the suit brought
   by the patentee complaining of the infringement of them, and praying for
   an injunction and an account, and the court below, by its decree, sustained
   their validity and awarded him costs, but neither damages nor profits, and
   the defendant appealed, this court, as the only question now involved is that·
   of costs, affirms the decree without examining the merits.
2. Where such letters had been reissued in separate divisions, and the patentee
   filed in the Patent Office a disclaimer in regard to one of them, after
   bringing a suit for the infringement of the others, the validity of which
   was sustained, and the fact of infringement found by the court below, —
   *Held*, that sect. 4922, Rev. Stat., has no application to the case, and that he
   is entitled to costs.

APPEAL from the Circuit Court of the United States for the
District of Massachusetts.

This is a bill in equity, filed Nov. 19, 1868, by William Smith
against the Glendale Elastic Fabrics Company, wherein he
alleges that he is the original and first inventor of certain new
and useful improvements in corded and elastic fabrics, for which
letters-patent of the United States No. 9653, dated April 5,
1853, were, in due form, issued to him ; that the letters, after
they were extended, March 28, 1867, for seven years, were
finally reissued in three parts, — reissue No. 2848, Jan. 14,
1868, division A, for improvements in weaving ; reissue 3014,
June 30, 1868, division B, for improvements in woven fabrics ;
and reissue No. 2844, Jan. 14, 1868, division C, for improve-
ments in looms for weaving ; that the company has infringed
the rights secured to him by divisions A and C.   He therefore
prays for an injunction and an account.

The company denies the allegations of the bill as to novelty
and infringement, and claims that the reissues were illegal.

Smith, Jan. 22, 1870, filed in the Patent Office a disclaimer alleging that the specifications and claims of division B are too broad, and include that whereof he is not the inventor.

The court below, on the cause being set down for hearing, adjudged that the letters as reissued in division A and division C were valid; that Smith was the original and first inventor of the improvements therein described; that he recover of the company the profits received or made by it from the use, manufacture, or sale of the patented improvement; that a master take and report an account of such profits; and that an injunction be awarded.

The master reported that the company had made no profits, and the court, Jan. 27, 1876, passed a decree against the company for costs of suit. The company thereupon appealed.

*Mr. Benjamin Dean* for the appellant.

*Mr. R. P. Lowe* for the appellee.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

For all practical purposes, except costs, the appellant was successful in the court below. While the validity of the appellee's patent was sustained, it was a fruitless victory to him, because the patent expired before the determination of the suit, and the court found that he was not entitled to recover from the appellant either profits or damages. As the decree stands, it sustains an expired patent, and does no more. When it was rendered against him, the appellant was left at liberty to use the patented machine in any way he chose, and he has not been required to pay any thing for the use he made of it while the patent was in force. The appeal, therefore, presents only a moot case except as to costs.

We think the disclaimer as to the reissued patent, division B, had no effect on the costs in this case, because the question presented for decision was whether, notwithstanding that disclaimer, the other divisions of the reissue should be sustained. The statute as to costs after a disclaimer (Rev. Stat., sect. 4922), therefore, has no application to this suit, and the appeal is practically reduced to the single question whether, if the decree below should be reversed, the appellee ought to have

his costs in that court, and, if so, how much.  No appeal lies from a mere decree respecting costs and expenses.  *Canter* v. *The American and Ocean Insurance Companies*, 3 Pet. 307. As this case comes within the reason of that rule, we affirm the decree below without examining the merits.

*Decree affirmed*