Mr. Justice Hagner
delivered the opinion of the Court:
Some time since a large number of petitions were filed in the Circuit Court for writs of certiorari to bring up to that court the proceedings of the District Commissioners in reference to sundry assessments and taxes. They were ordered to be heard here in the first instance. One of the petitions was selected as a test case, and after argument, this court overruled the motion of the petitioner to quash the assessment, holding that the proceedings were correct; and remanded the petitioner to the Circuit Court. Whereupon the petitions in the other cases, including Fraser’s, then pending in the Circuit Court, were dismissed by counsel, who settled the costs, not allowing an appearence fee for the defendant’s attorney. Afterwards a motion was made in the Circuit Court by the attorney who had appeared for the *151 District of ^Columbia for a retaxing of the costs so as to include an appearance fee of five dollars in each case, on the ground that the certiorari petitions were to be considered as suits that had been discontinued; and under Sec. 824, R. S. U. S., such a fee was taxable “ in cases at law, when the case is discontinued.” The judge holding the Circuit Court overruled the motion, and' thereupon an appeal was prayed by the attorney of the District, and the case was brought to the General Term. Early in the session, on the motion of Fraser’s attorney, th e appeal was dismissed. The present motion is to re-instate the appeal upon the ground that it was improvidently dismissed ; and also to review the decision of the court below, which refused to allow the taxation of the attorney’s fee as part of the costs.
As to the first question: While Sec. 772 of our Revised Statutes is more liberal in some respects as to the right of appeal than the general statute of the United States, inasmuch it is not necessary that the matter appealed from should be “a final order,” still it is required that the question to be appealable should be one “involving the merits of the action or proceeding.”
Now, it is very plain to us that an order simply refusing to tax an attorney’s fee cannot be construed as involving “the merits of the action, or proceeding,” in the slightest degree.
The petition for certiorari is an application for a special remedial writ and cannot be classed with ordinary suits at law. It is an application to a court to direct an inferior jurisdiction to send up a pending controversy to be heard in the court ordering the writ. Since the petition to send up a pending suit to be heard cannot itself be considered as a suit, surely it cannot involve “ the merits of the action, or proceeding” at all that the defendant’s attorney has or has not had its appearance fee taxed. The District of Columbia, one of the defendants, cannot be concerned in the question whether the attorney received the five-dollar fee; *152 and still less is the Treasurer of the United States concerned in the matter.
In 3 Peters, 319, Canter vs. The American Insurance Company and Ocean Insurance Company, of New York, Justice Story, in delivering the opinion of the Court, after noting several objections that had been taken to the proceedings in the decree in admiralty, said, “It may be added that no appeal lies from a mere decree respecting costs and expenses.”
We decline to comply with the request to reverse our previous order dismissing the appeal.
Second. We were solicited to examine the other question presented as to the correctness of the ruling below refusing to tax these attorney’s fees as part of the costs. The matter was thoroughly examined and an interesting argument presented, and we will say a word on the subject, as it is said to be a matter of consequence in practice.
It must be conceded, of course, that costs are the creation of statutes. As they did not exist at common law, there must be some statutory enactment or provision to justify their imposition. There is no statute here, providing that on a party dismissing his certiorari proceedings, the other party shall recover his costs.
As far back as 1797, in the case of Duvall vs. The State of Maryland, 4 H. & McH., 4 (which was an application for a certiorari to review in the General Court the proceedings in a landlord and tenant case), after the case had been dismissed, a point was made whether there should be a taxation of costs in favor of the defendant. It was insisted by the petitioner’s counsel that there could be no such allowance of costs to the defendant, where a petition for a certiorari had been dismissed. In the brief of counsel there is a reference to 1 Bacon’s Abridgment, 517, which is exactly to the point, based upon a statute expressly giving costs in certiorari cases generally; but it was decided that the general language of the statute did not comprehend the case *153 where the petition had been dismissed. The point was not decided by the court, but Afterwards,-in 1816, a statute allowing such costs was passed in Maryland to comprehend that class of cases; of course that statute has no application here, but its passage seems to be an admission of its necessity, to enable the courts to make such an allowance.
We find the decisions on this point in a number of the States perfectly uniform. See 12 Wendell, 262; 25 Barbour, 444; 8 Johnson, Low vs. Rogers, 321, and a number of cases in Massachusetts, and 3 N. H.: State vs. Weare Leavitt, Jr. In the latter case a writ of certiorari issued at the instance of the petitioner to a justice of the peace to bring up the proceedings had before said justice upon the complaint of a member of a militia company against Leavitt, for neglect of duty in not mustering with the company. The court on hearing ordered the proceedings to be quashed; whereupon counsel for the respondent moved the court to allow costs to the defendant. The court refused the motion, and said “ no costs are ever allowed in cases of this kind, whether the proceedings be quashed or affirmed.” 3 Mass., 268; 4 Id., 565; 11 Id., 465.
It is not necessary for the decision of the present question to go as far as this. All we decide here is that where certiorari proceedings have been dismissed by the petitioner costs to the defendant will not be allowed.
The motion, therefore, is overruled.'