**STATE** Appellee, v. **SHOLITON**, Appellant.

Ohio Appeals, Ninth District, Summit County.

No. 4447.   Decided November 10, 1954.

Alva J. Russell, Pros. Atty., Jackson B. Morris, Asst. Pros. Atty., Akron, for appellee.

Harris, Sacks & Subrin, Akron, for "appellant" (now deceased).

## OPINION

By STEVENS, J.

Defendant was indicted for the crime of armed robbery, upon trial was convicted, and was sentenced to the penitentiary. From the judgment of conviction, appeal on questions of law was duly taken, and execution of sentence was suspended by the trial court pending appeal.

While the appeal was pending in this court, the defendant died on or about the 12th of June, 1954.

Counsel, who were of record for defendant in the trial court and in this court, have filed a motion setting up the death of defendant, and asking this court to "abate the criminal prosecution and all procedure hereinbefore had in this court and in the court below, including the verdict and the judgment," because of said death.

The prosecuting attorneiy of Summit County, Ohio, has filed a motion asking that the appeal herein "be dismissed because the appellant, Irving Sholiton, died on or about the 12th day of June, 1954."

No question has been raised as to the propriety of the representation of the decedent in this proceeding by his former counsel, and therefore no cognizance of that question is taken.

It is urged by former counsel for defendant that the defendant's death abates the entire criminal proceeding from its inception.

In Ohio, criminal proceedings are solely statutory, and, in the absence of a statute providing that the death of a convicted defendant during the pendency of an appeal by him on questions of law, abates the proceedings from their inception, we conclude that such abatement does not ensue

Upon the motion of the State to dismiss the appeal because moot, the Supreme Court of Ohio had before it a quite similar case in **Makely v. State, 128 Oh St 571,** in which the per curiam opinion states:

"This cause came on to be heard on September 19, 1934, upon the transcript of the record of the Court of Appeals of Allen County, upon the motion of the defendant in error to dismiss the petition in error filed as of right herein, and was argued by counsel.

"Thereafter, on September 25, 1934, the Warden of the Ohio Penitentiary, wherein said plaintiff in error was confined, advised the court that said plaintiff in error died on Monday, September 24, 1934, and the question herein having thus become moot, it is ordered and adjudged by this court that said petition in error be, and the same hereby is dismissed on authority of **Minor v. Witt, 82 Oh St 237.**"

Upon the authority of that case, and its supporting authority quoted in the opinion, the motion of the State to dismiss the appeal herein as moot, must be sustained.

It is elementary, in appellate procedure, that an appeal on questions of law, which is the successor to the previous proceeding in error, does not vacate or suspend the judgment below, although execution of sentence may be suspended in a criminal case, upon order of the trial court, by the filing with the trial court of an appropriate bond, and the clerk's approval of that bond.

Upon dismissal of the appeal by the Court of Appeals, the judgment of

the Court of Common Pleas remains in full force and effect, as a valid and subsisting judgment of that court.

We are of the opinion that the dismissal of an appeal, because of the death of the defendant during the pendency thereof, leaves the judgment as it was before the appeal proceeding was instituted.

We are not called upon to determine the question of the liability of the defendant's estate for the payment of costs in the criminal proceeding, because that question is not presented. Nor are we called upon to express an opinion concerning the dismissal of an appeal as moot, upon the death of a defendant, where the indictment under which the decedent was prosecuted fails to charge an offense. That question is likewise not presented.

The motion of appellant to abate is denied.

The motion of appellee to dismiss the appeal as moot, is sustained.

DOYLE, PJ, and HUNSICKER, J, concur.