**STATE, Plaintiff-Appellee, v. DOWELL, Defendant-Appellant.**

Ohio Appeals, Tenth District, Franklin County.

No. 5894.   Decided August 5, 1958.

Samuel L. Devine, Pros. Atty., Fred L. Newsom, Jr., Asst. Pros. Atty., Columbus, for plaintiff-appellee.

Lovaneous Dowell, Ohio Penitentiary, for himself.

## OPINION

By BRYANT. J.

Lovaneous Dowell has filed a document in twenty-two pages described as "Petition for Writ of Error" and "Brief of Errors."

Dowell says that he was defendant in the Franklin County Common Pleas Court in case No. 35,981, and was found guilty upon an indictment charging murder in the first degree contrary to §2901.01 R. C.   He further says that five errors intervened in the trial of the indictment before the said Common Pleas Court during the October term 1956.   These errors in substance are: (1) Verdict not sustained by sufficient evidence; (2) Hearsay testimony was offered and admitted on behalf of the State and a mentally incompetent witness was permitted to testify; (3) Defendant was unlawfully restricted in cross-examination of State's witnesses and an erroneous charge was given to the jury by the trial judge; (4) The Judge's charge to the jury was prejudicially erroneous and influenced the jury against the defendant and (5) Testimony was erroneously admitted of a man brought back from the Ohio Penitentiary as to what defendant had said to such man.

Included in the papers was a document entitled, "Copy of Appeal to Prosecutor," which would indicate that on January 31, 1958 a copy was left with the Deputy Clerk of Courts for delivery to the Prosecuting Attorney.

In this connection it will be noted that under date of January 10,

1958 the above defendant attempted to file a motion for leave to file a writ of error, which was returned by this court for failure to comply with the provisions of §2953.06 R. C. This section requires the service of a copy upon the Prosecuting Attorney before filing a notice of appeal or motion for leave to appeal where such motion is required. This is then followed by a brief in some five pages followed by eleven assignments of error and a seven page argument as to the legal insufficiency of the evidence.

The Prosecuting Attorney of Franklin County has filed a motion to dismiss the appeal in the following language:

"Now comes the State of Ohio, Plaintiff-Appellee, by its attorneys, and respectfully moves the Court for an order dismissing Defendant-Appellant's petition for a writ of error, which was filed January 31, 1958, for the reason that the State of Ohio does not recognize common-law writs which are not set forth by statute."

The Prosecuting Attorney in his brief says in effect that his motion should be sustained for the reason that Dowell has filed a petition for writ of error which is not recognized or permitted under the Ohio Code of Criminal Procedure. He relies upon **State v. Hayslip, 90 Oh St 199,** holding that the writs of coram nobis and coram vobis, while recognized as common-law, are not part of the criminal jurisprudence of Ohio.

One of the leading cases bearing on this question is **State v. Whitmore, 126 Oh St 381,** which holds that there are neither common-law crimes nor common-law criminal procedure in Ohio and points out that this has been so held since the beginning of the State. Syllabus five of State v. Whitmore, supra, reads as follows:

"An accused person has no common-law rights in Ohio, as there are neither common-law crimes nor common-law criminal procedure in this state. (**Key v. Vattier, 1 Ohio 132; Winn v. State, 10 Ohio 345; Allen v. State, 10 Oh St 287; Smith v. State, 12 Oh St 466, Mitchell v. State, 42 Oh St 383;** and **Johnson v. State, 66 Oh St 59,** approved and followed.)"

See also **Municipal Court of Toledo et al v. The State, ex rel. Platter, 126 Oh St 103,** in which the first branch of the syllabus is as follows:

"Criminal procedure in this state is regulated entirely by statute, and the state has thus created its system of criminal law covering questions of crime and penalties, and has provided its own definitions and procedure."

To the same effect the holding in the case of **Eastman v. State, 131 Oh St 1,** branch nine of the syllabus, is as follows:

"In the exercise of the legislative power vested in it by the Constitution of Ohio, the General Assembly has preempted the fields of both substantive and procedural criminal law in this state. (Paragraph one of the syllabus in the case of **Municipal Court of Toledo v. State, ex rel. Platter, 126 Oh St 103,** approved and followed.)"

See also **State v. Huffman, 131 Oh St 27,** the first branch of the syllabus in part being as follows:

"We have no common-law crimes in Ohio; neither do we have common-law criminal procedure."

The Huffman case, supra, is approved and followed in the case of

State v. **Healy, 156 Oh St 229,** which was decided November 21, 1951, and in which the second branch of the syllabus in part is as follows:

"* * * there are no common-law crimes and no common-law criminal procedure in Ohio."

See also State v. **Sholiton, 70 Abs 385.**

It follows, therefore, that a petition for writ of error being outside the criminal procedure code can have no efficacy.

**Chapter 2953 R. C.,** governs appeals in criminal cases and in particular §2953.04 R. C., which designates the filing of a notice of appeal in the court rendering the judgment appealed from as the basis for prosecuting such appeal. **Sec. 2953.05 R. C.,** provides as follows:

"Appeal under §2953.04 R. C., may be filed as a matter of right within thirty days after sentence and judgment. After thirty days from sentence and judgment, such appeal may be filed only by leave of the court or two of the judges thereof."

The original papers in this case from the court below indicate that Dowell was sentenced to life imprisonment in the Ohio Penitentiary on November 9, 1956. It is obvious, therefore, that Dowell lacks an appeal as of right because much more than thirty days, after sentence and judgment, have elapsed.

In face of the clear pronouncements in the decision above referred to, it is clear that appellant has failed to follow the procedural steps contemplated by the Code of Criminal Procedure. It has been repeatedly stated that these must be adhered to and that the Ohio Legislature has preempted the entire field of criminal procedure. Judged by what has just been said the proceedings attempted to be initiated by Dowell are unauthorized and the motion of the Prosecuting Attorney must be sustained.

Let it be said for the benefit of the appellant that the court has examined the several objections he has set forth and that given their most favorable interpretation they cannot be said to rise higher than mere errors, if indeed, they are erroneous.

So far as we are able to learn the case was not appealed immediately after the trial in the lower court. This is not to say that the verdict would have been reversed had there been such an appeal. The law is well settled that mere errors alone are not a sufficient basis for a reversal unless they are prejudicial to the rights of the defendant and have deprived said defendant of a fair trial.

The fact is that nearly three years have elapsed since the time of the conviction and sentence and even if a notice of appeal in proper form and a motion for leave to appeal in proper form were presently before us, the record lacks anything approaching adequate grounds for sustaining said motion.

We note that the present motion was filed July 3, 1958 and a copy mailed to Dowell. Rule III, Paragraph 1, of the Rules of the Courts of Appeals of Ohio requires an answer brief, if any, be filed within ten days thereafter. No such answer brief has been filed and as this is being written more than twenty-five days have elapsed without any such brief being filed. We must assume that defendant-appellant did not wish to file such answer brief.

The motion of the State of Ohio to dismiss the appeal will, therefore, be sustained.

PETREE, PJ, MILLER, J, concur.