# WETZEL *v.* OHIO.

No. 200.  Decided November 5, 1962.

*Jack G. Day* for appellant.

*Thomas Spellerberg* for appellee.

PER CURIAM.

This is an appeal from a judgment of the Supreme Court of Ohio affirming a judgment of conviction of a criminal offense entered in the Court of Common Pleas, Wyandot County, Ohio.

The motion to substitute Margie Wetzel, Administratrix of the Estate of Edward J. Wetzel, who died April 26, 1962, as appellant in place of Edward J. Wetzel is granted. The motion of appellee to dismiss the appeal for want of a substantial federal question is granted.

MR. JUSTICE DOUGLAS, concurring.

Appellant was convicted of possessing obscene matter with intent to sell it under Ohio Statutes § 2905.34.  On May 25, 1960, he was "sentenced to an indeterminate period . . . of not less than one year nor more than seven years and to pay costs of prosecution."  The sentence

was suspended pending appeal in the Ohio courts. On January 17, 1962, the Supreme Court of Ohio reversed the Court of Appeals, which had reversed appellant's conviction, and on February 2, 1962, ordered the trial court's judgment executed. On the same day a warrant was issued by the trial court authorizing the sheriff to sell enough of appellant's property to satisfy costs of $469.20. This was in accordance with Revised Code § 2949.15. On February 27, 1962, the Supreme Court of Ohio suspended sentence "until further order" of that court.

Appellant died pending appeal to this Court. His wife, as administratrix, has moved to be substituted as a party.

When a convicted and fined federal criminal defendant has died pending review of his case here it has been the practice of this Court to dismiss his case and leave the disposition of his fine to the lower federal courts. See *American Tobacco Co.* v. *United States,* 328 U. S. 781, 815; *United States* v. *Johnson,* 319 U. S. 503, 520. But this practice is premised on the ground "that in the federal domain prosecutions abate . . . on the death of [a] . . . defendant." *Melrose Distillers* v. *United States,* 359 U. S. 271, 272. See *Daniel* v. *United States,* 268 F. 2d 849. But such is not the case in Ohio. There the appeal will be dismissed as moot (*Makley* v. *State,* 128 Ohio St. 571, 192 N. E. 738) but "the dismissal of an appeal, because of the death of the defendant during the pendency thereof, leaves the judgment as it was before the appeal proceeding was instituted." *State* v. *Sholiton,* 128 N. E. 2d 666, 667.

In the *Sholiton* case the court expressly refused to pass on whether decedent's estate would be liable for costs, because the issue was not presented. It is apparently the rule in Ohio, however, that costs can be collected from a deceased convicted criminal's estate. *Clark County* v.

*Keifer,* 16 ONPNS 41. See Ohio Jur. 2d, Costs, § 89. Under the present sentence costs seem to be a penalty which is part of the sentence. See *Hayes* v. *Pontius,* 2 Ohio Op. 453.

Thus, under existing Ohio law it appears that Wetzel's estate will have to pay a $469.20 penalty to the State of Ohio unless this Court reverses his conviction. His administratrix, and probable heir, is rightly concerned about this and is the proper party to substitute.

It is often stated that "Where no controversy remains except as to costs, this Court will not pass upon the merits." *Heitmuller* v. *Stokes,* 256 U. S. 359; see *Paper-Bag Machine Cases,* 105 U. S. 766; *Elastic Fabrics Co.* v. *Smith,* 100 U. S. 110. The genesis of these cases was *Canter* v. *American Ins. Co.,* 3 Pet. 307, wherein the Court stated:

> "As to the costs and expenses, we perceive no error in the allowance of them in the circuit court. They are not matters positively limited by law, but are allowed in the exercise of a sound discretion of the court. And, besides, it may be added, that no appeal lies from a mere decree respecting costs and expenses." *Id.,* at 319.

As stated by Chief Justice Taft, writing for the Court in *Newton* v. *Consolidated Gas Co.,* 265 U. S. 78, 82–83:

> "There is no doubt that, as a general rule, an appeal does not lie from a decree solely for costs . . . . [This rule] is easily deducible from the discretion vested in the trial court . . . . But the rule is not absolute and should not be enforced when the trial court assumes the power to assess . . . costs . . . *not legally assessable as such."* (Italics added.)

Those were all civil cases and this is a criminal one. Yet the rule of the civil cases should obtain here.

In this case the trial court had no discretion concerning the matter of costs. Under Ohio law costs are automatically assessed against a convicted felon. See Ohio Revised Code, §§ 2949.14, 2949.15. The costs were not "legally assessable" if the conviction was invalid.

In *Pollard* v. *United States,* 352 U. S. 354, the question was raised as to whether or not the case was moot because the petitioner had been released from prison after his petition for certiorari had been granted. *Id.,* p. 358. The issue presented was not that of guilt, but instead one that related only to the propriety or legality of the sentence imposed. We said "The possibility of consequences collateral to the imposition of sentence is sufficiently substantial to justify our dealing with the merits." *Ibid.* Though we divided on the merits, we were unanimous on that point.

In the present case there is a strong probability of collateral consequences or "penalties or disabilities." *St. Pierre* v. *United States,* 319 U. S. 41, 43. If the conviction stands, those collateral consequences or penalties will be the likely reduction of appellant's estate through the collection of costs from it.

To support her substitution Mrs. Wetzel asserts that the deceased and his family have a substantial interest in clearing his name, that she should be allowed to protect the estate from the penalty that may be collected from it, and that the importance of the issues presented by this appeal justifies review. It is unnecessary to decide in this case whether the decedent's or his family's interest in his good name satisfies the case-or-controversy requirement. Cf. *St. Pierre* v. *United States,* 319 U. S. 41, 43. For I am convinced that under existing precedent decedent's wife and administratrix has a sufficient interest in protecting his estate from unlawful penalties to be substituted as a party and maintain this appeal.

For these reasons I believe the motion to substitute is properly granted. But on the facts of this record I have concluded that a substantial federal question is not presented.

MR. JUSTICE BLACK, while joining this opinion insofar as it deals with the motion to substitute, believes that a substantial federal question is presented and that probable jurisdiction should be noted.

MR. JUSTICE CLARK, with whom MR. JUSTICE HARLAN and MR. JUSTICE STEWART join, dissents, believing that the appeal abated upon the death of the appellant, Edward J. Wetzel. *Menken* v. *Atlanta,* 131 U. S. 405 (1889). This Court has held numerous times that the existence of a judgment taxing costs in such cases cannot alone prevent dismissal here. *Heitmuller* v. *Stokes,* 256 U. S. 359, 362 (1921); *Wingert* v. *First National Bank,* 223 U. S. 670 (1912); *Paper-Bag Machine Co.* v. *Nixon,* 105 U. S. 766, 772 (1881); *Elastic Fabrics Co.* v. *Smith,* 100 U. S. 110 (1879). Although such judgments may confer appellate jurisdiction to inquire into the lower court's power to tax costs, *Newton* v. *Consolidated Gas Co.,* 265 U. S. 78, 82–83 (1924); *Citizens' Bank* v. *Cannon,* 164 U. S. 319, 323–324 (1896); cf. *Intertype Corp.* v. *Clark-Congress Corp.,* 249 F. 2d 626, 628 (1957), the existence of such a judgment has been held not to confer jurisdiction to inquire into the merits of the original controversy, *Smith* v. *Indiana,* 191 U. S. 138, 149 (1903); *Davis* v. *Preston,* 280 U. S. 406, 408 (1930). Accordingly, the motion to substitute the administratrix as a party should be denied, the appeal dismissed and the case remanded to the Supreme Court of Ohio for such proceedings as may be appropriate under state law.