**STATE of Maine**

**v.**

**Ralph A. CARTER.**

Supreme Judicial Court of Maine.

Jan. 26, 1973.

---

**892**

Peter W. Culley, Vernon I. Arey, Asst. Attys. Gen., Augusta, for plaintiff.

Nissen & Westcott by Michael N. Westcott, Damariscotta, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

WERNICK, Justice.

In December of 1971 a Superior Court (Lincoln County) jury had found the defendant, Ralph A. Carter, guilty of felonious homicide punishable as murder. Defendant had seasonably appealed from the judgment of conviction. While the appeal, duly perfected, was pending for oral argument before the Law Court, the defendant died (on July 16, 1972).

Learning of defendant's death, the State filed a motion in the Law Court for dismissal of the appeal. The ground of the motion was that the death of the defendant

"render[s] moot . . . [the] issues raised by him in his appeal"

and

" . . . makes it impossible for . . . [the Law Court] to grant any effective remedy."

The attorney for the deceased defendant —purporting to continue to appear in the proceeding notwithstanding that the party of record whom he had represented had ceased, by his death, to be a legal person —has opposed the granting of the motion to dismiss the appeal.

He maintains that (1) even though the defendant has died, the issues raised on appeal should be decided because they affect interests worthy of legal protection; and (2) in any event, should the appeal be dismissed because of defendant's death, the entire prosecution should be abated from its inception.

The questions thus precipitated have not been previously considered in this State.

In other jurisdictions there has appeared widespread acceptance of a general proposition that the indispensable feature of a criminal prosecution is the vindication of the criminal laws of the State through the ultimate imposition of punishment upon that human being whose conduct is shown to have violated them. On this approach, the issue of the validity, or correctness, of the adjudication that the defendant has committed criminal conduct is but a subsidiary aspect of a larger total project which

the death of the defendant renders impossible of completion and, therefore, academic. By the application of this principle, which regards the criminal prosecution strictly in terms of the interests reasonably attributable to the State as prosecutor, the death of the defendant occurring while an appeal from the judgment of conviction is in process requires dismissal of the appeal. The appropriate cases appear in Annotations in 83 A.L.R.2d 864, et seq. and 9 A.L.R.3d 496, et seq.

To this general rule, prevailing in the overwhelming majority of jurisdictions, there have been isolated exceptions insofar as special circumstances might show that the interests of the State, as prosecutor, transcend punishment of the defendant personally,—as, for example, should the costs of the prosecution (or a fine, penalty or other forfeiture) be collectible against the estate of the deceased defendant. See: Wetzel v. Ohio, 371 U.S. 62, 83 S.Ct. 111, 9 L.Ed.2d 26 (1962).[1]

Another approach to the problem under consideration declines to give exclusively controlling effect to the end-result of whether defendant will be available to be punished. It allows the underlying issues concerning legal validity, or correctness, of the judgment of conviction to be regarded as capable of achieving critical legal importance dependent upon whether interests of defendant's family to protect the memory of the defendant, or his reputation while alive, are held sufficiently worthy of legal recognition to require final and definitive resolution of the questions raised by the appeal. City of Newark v. Pulverman, 12 N.J. 105, 95 A.2d 889 (1953).

In New Jersey such substantive policy could be the more readily announced by a Court, however, because the New Jersey Court rule, and statutory intendment, had already manifested recognition of the potential relevance of such interests, as derived from the defendant's side of the adversary proceeding, and had provided a specific procedural remedy to allow continuation of the adversary posture of the criminal proceeding, after the death of the defendant, by the interposition of another legal person as a party of record.[2]

Yet, even independently of the existence of such legislative contribution, the approach of the New Jersey Court is a reminder that the State is only one side of the adversary proceeding which is a criminal prosecution; and, therefore, interests other than those solely of the State might have legitimate bearing upon the determination of whether the issues underlying the controversy have really become academic in *all* their legally recognizable aspects and practical effects.

In addition, the possibility is not to be foreclosed that particular situations might arise, by chance, in which a final judgment, if allowed to stand in the criminal prosecution itself, might have critical collateral bearing upon *rights* (personal or property) of other persons.

The foregoing factors suggest that appropriate disposition of a criminal prosecution, in light of the death of the defendant occurring while a judgment of conviction is under direct appellate review, should avoid allowing the judgment of conviction to become finally controlling were it to be decided that defendant's death requires dismissal of the appeal.

The overall problem now before us thus encompasses (1) evaluation of the totality of interests reasonably capable of being af-

[1] Under the present law of Maine "actions or causes of action for the recovery of penalties and forfeitures of money under penal statutes shall not survive the death of the defendant." 18 M.R.S.A. § 2501.

[2] As the Court stressed in City of Newark v. Pulverman, supra, Court Rule 1:2-3A provided: "Any party, *his legal representative,* or *other person damnified or aggrieved* by any final judgment rendered in a criminal cause may take an appeal . . . ." (emphasis supplied) Cf. R.S. 2:195-6 N.J.S.A.

fected by the death of a defendant occurring during the course of a direct review (by appeal) of a judgment of conviction as intertwined with (2) difficulties arising from deficiencies of the current law of the State, procedurally or otherwise, to supply another legal person as party of record in place of the original defendant who by his death has ceased to be a cognizable legal person.

Our assessment of all these considerations leads us to formulate the following general principles to govern resolution of the problems created by the death of a defendant in a criminal prosecution occurring while prosecution is pending on direct review (by appeal) of the judgment of conviction.

■ First, the death of the defendant in such situation will be held to abate the appeal and require dismissal of it on grounds both of mootness and the inability of the appellate tribunal to proceed because of loss of an indispensable party to the proceeding—Maine law currently providing no mechanism by which such deficiency may be remedied.[3]

■ This principle will be one of general governance in the absence of a showing of special circumstances establishing (1) interests legally cognizable as worthy of vindication or protection in the criminal prosecution, as such, and also (2) availability of procedural mechanisms to remedy the lack of an indispensable party, thereby to permit continuation of the course of the criminal prosecution as a case or controversy:

■ Second, interests of the surviving family to preserve, unstained, the memory of the deceased defendant or his reputation

while alive are held of insufficient legal consequence to require decision of the issues raised by the appeal. In support of this conclusion we emphasize that a decision of the appeal would not necessarily produce a vindication of the defendant; appellate disposition, even if reversible error is found, does not guarantee a judgment of acquittal. Often, the appeal results only in a new trial, or other disposition, for which the defendant as a live human being is a prerequisite,—a condition compliance with which the death of the defendant makes impossible. See: Raymond v. State, 246 Ind. 422, 206 N.E.2d 139 (1965).

Third, such interests are, however, deemed of sufficient legal significance to require that a judgment of conviction, in fact left under a cloud as to its validity or correctness when the defendant's death causes a pending appeal to be dismissed, should not be permitted to become a final and definitive judgment of record—thereby to operate as an effective adjudication that defendant was guilty as charged. As was said in State v. Kriechbaum, 219 Iowa 457, 258 N.W. 110, 113 (1934) :

"The judgment below could not become a verity until . . . affirmance. . . . The question of the defendant's guilt was . . . undetermined at the time of his death."

The Florida Court made the same point in more metaphysically picturesque language:

"Jurisdiction to determine the issue of guilt or innocence is now assumed by the ultimate arbiter of human affairs." Bagley v. State, Fla.App., 122 So.2d 789, 791 (1960).

---

3. Rule 37, Rule 37A and Rule 39A M.R. Crim.P., refer only to "defendants", "defendants aggrieved", and "person who has been convicted of a crime . . .", respectively, as being entitled to take an appeal. Language of similar import is found in 15 M.R.S.A. § 2115 in relation to appeals taken from the Superior Court.

There are no statutory or rule provisions by which, as Maine law presently exists, there can be a substitution of a party defendant or intervention of parties in a criminal prosecution.

■ Hence, whenever the death of the defendant in a criminal prosecution causes a dismissal of the direct review (by appeal) of a judgment of conviction entered against said defendant, the judgment of conviction will be vacated and the criminal prosecution will be held abated, ab initio. Durham v. United States, 401 U.S. 481, 91 S.Ct. 858, 28 L.Ed.2d 200 (1971); Hartwell v. State, Alaska, 423 P.2d 282 (1967).

By such principle of abatement, ab initio, there is avoided, likewise, danger of any potential collateral carry-over to affect personal or property rights of survivors of the deceased defendant or other persons.

Applying these principles to the present case, we find no showing of special circumstances to militate against a decision that the appeal is both moot and abated because of judicial inability to have it further processed—current Maine law affording no legal mechanism by which replacement of the deceased defendant may be accomplished to produce the party of record indispensable to the further course of the proceeding as an adversary case or controversy. Hence, the appeal is dismissed.

The appeal being dismissed, the further principle, above formulated, comes into play—that the judgment of conviction must be vacated and all proceedings in the prosecution abated from the inception, including dismissal of the indictment.

The entry is:

(1) Motion to dismiss the appeal granted; appeal dismissed.

(2) The judgment of conviction is vacated.

(3) The case is remanded to the Superior Court, with instructions to dismiss the indictment.

So ordered.

All Justices concurring.