UNITED STATES of America,
Plaintiff–Appellee,

v.

Ronald S. VILTRAKIS, Defendant–
Appellant.

No. 96–10054.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 1996.

Decided March 12, 1997.

Bram Jacobson, Assistant Federal Public Defender, Phoenix, AZ, for defendant-appellant.

Stephen G. Winerip, Assistant United States Attorney, Phoenix, AZ, for plaintiff-appellee.

Before RONEY,* BEEZER and TROTT, Circuit Judges.

* The Honorable Paul H. Roney, Senior Circuit Judge for the Eleventh Circuit, sitting by designa-tion.

RONEY, Senior Circuit Judge:

In this case, we hold that this criminal defendant lacks standing to appeal the amount of fees ordered to be paid to his defense witness under 28 U.S.C. § 1825.

Defendant Ronald Viltrakis stood trial for mail fraud, wire fraud, conspiracy and money laundering in the United States District Court for the District of Arizona. Prior to trial, Viltrakis had obtained approval from the court to subpoena Mark Hoy from Pennsylvania as a witness pursuant to Federal Rule of Criminal Procedure 17(b). The trial began December 12, 1995, and the Government rested its case on December 22, 1995. The court took a holiday recess and reconvened on January 3, 1996. Hoy arrived from Pennsylvania on December 15, testified on January 3 and was excused. The trial resulted in a hung jury.

After trial, Viltrakis requested payment of Hoy's witness fees and expenses for twenty days attendance, from December 15, the day Hoy arrived, through January 3, the day he testified and was excused. 28 U.S.C. § 1825 (United States Marshal shall pay fees of defense witnesses subpoenaed with the court's approval). Federal statute allows a witness a $40 a day attendance fee plus a fixed amount for travel and subsistence expenses. 28 U.S.C. § 1821. When the United States Marshal refused to pay the amount requested, Viltrakis filed a motion with the court. The Government opposed the request as excessive. The court ordered payment of fees for three days only, December 15, the day Hoy arrived, January 2, the day before he testified, and January 3, the day on which he testified and was excused.

Viltrakis appeals to this court the order of the district court directing the United States Marshal to pay witness and subsistence fees for December 15, and for January 2, and 3. Viltrakis argues that Hoy was "in necessary attendance" for 20 days and is therefore entitled to fees for that entire period. *Hur-*

*tado v. United States,* 410 U.S. 578, 584–85, 93 S.Ct. 1157, 1161–62, 35 L.Ed.2d 508 (1973) (The statute is intended to reach "those witnesses who have been summoned and are in necessary attendance on the court, in readiness to testify.").

The Government challenges Viltrakis's standing to appeal the amount of the payment to Hoy.

■ Defendant's initial argument that the Government waived its right to challenge standing on appeal fails because the jurisdictional issue of standing can be raised at any time, including by the court *sua sponte.* *Board of Natural Resources v. Brown,* 992 F.2d 937, 944 (9th Cir.1993) ("The jurisdictional element of standing must be met in every case, and we must satisfy ourselves that this element exists even if no party to the action raises a doubt regarding its presence.").

■ To prove constitutional Article III standing, the litigant must "show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant, and that the injury fairly can be traced to the challenged action, and is likely to be redressed by a favorable decision." *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 472, 102 S.Ct. 752, 758–59, 70 L.Ed.2d 700 (1982) (citations and internal quotations omitted). A party must "assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Valley Forge Christian College,* 454 U.S. at 474, 102 S.Ct. at 760 (citations omitted).

We have been cited to no cases nor did our research reveal any cases that apply this well settled law to the situation at hand.

In analogous cases involving rights of witnesses, courts have regularly held that a defendant or a putative defendant lacks standing to object to a subpoena issued to a nonparty witness. *United States v. Miller,*

425 U.S. 435, 444, 96 S.Ct. 1619, 1624–25, 48 L.Ed.2d 71 (1976); *California Bankers Ass'n v. Shultz,* 416 U.S. 21, 52–54, 94 S.Ct. 1494, 1512–14, 39 L.Ed.2d 812 (1974); *see also In re Grand Jury Subpoenas Dated December 10, 1987,* 926 F.2d 847, 852 (9th Cir.1991). These decisions turn on the principle that the person served with process is the proper party to allege error. *See California Bankers Ass'n,* 416 U.S. at 53, 94 S.Ct. at 1513. Consistent with this principle, suits for reimbursement for costs of production for subpoenaed documents are regularly raised by the subpoenaed witnesses rather than by the criminal defendant or civil party. *See, e.g., Pittsburgh Nat'l Bank v. United States,* 771 F.2d 73 (3d Cir.1985); *United States v. Columbia Broadcasting Sys.,* 666 F.2d 364 (9th Cir.), *cert. denied sub nom., CBS, Inc. v. Columbia Pictures Indus.,* 457 U.S. 1118, 102 S.Ct. 2929, 73 L.Ed.2d 1329 (1982).

■ As to witness fees themselves, courts afford witnesses an absolute right to challenge a court's denial of such fees. *United States v. Tippett,* 975 F.2d 713, 718 (10th Cir.1992) (nonparty witnesses denied witness fees have standing to appeal). This right may be exercised by mandamus, *see Demarest v. Manspeaker,* 498 U.S. 184, 111 S.Ct. 599, 112 L.Ed.2d 608 (1991), or by civil action, *see Hurtado v. United States,* 410 U.S. 578, 93 S.Ct. 1157, 35 L.Ed.2d 508 (1973).

■ We need not decide that there is no situation in which a criminal defendant could satisfy the requirements of jurisdictional standing. In this case, the trial is over, the witness has testified, his testimony uncolored by the concerns argued on this appeal. We were told at oral argument that a retrial was not planned, and a plea agreement was being negotiated between the parties to this appeal.

Although defendant asserts that his Sixth Amendment right to subpoena witnesses in his defense has been hampered by the court's decision, he offers no evidence other than speculation that he will have any difficulty securing witnesses if and when he ever becomes a criminal defendant again. His argument that the denial of the requested payment will have a chilling effect on any witnesses he might have to call at retrial is without basis in fact, especially because any problems about witnesses at retrial are not now ripe for decision, and probably will never ripen because of the likelihood that there will be no retrial.

The fact that Rule 17(b) requires a defendant to obtain court approval to subpoena a witness in order for that witness's fees and expenses to be paid provides defendant no basis upon which to challenge the adequacy of the award, particularly when the purpose of Rule 17(b) has been fulfilled in this case: to protect the indigent defendant's right to call necessary witnesses in his defense.

Finally, defendant argues that the court's decision not to pay the full amount of fees requested also denies him "his right to have his witness treated like a Government witness." Defendant provides no evidence, however, that under identical facts, a Government witness would have received anything more. Without any supporting evidence, defendant has failed to show he has suffered any injury connected to this assertion. This is essentially an argument between the United States Marshal's office and the witness. Neither the criminal defendant nor the Government as criminal prosecutor are the proper parties for its resolution.

Having failed to allege any injury sufficient to constitute an injury-in-fact, defendant lacks standing to bring this appeal. With this decision, the appeal must be dismissed. The court, therefore, does not reach any of the other arguments made on this appeal: (1) whether the district court failed to follow the statutory mandate in limiting the payment of witness fees and subsistence expenses; (2) whether, even if the appellant has jurisdictional standing, he should be denied third-party standing for prudential reasons, *see Board of Natural Resources v. Brown,* 992 F.2d 937, 944 (9th Cir.1993) ("Standing is comprised of both constitutional and prudential elements which limit our authority to review certain issues."); and (3) whether a witness fee in a criminal case is like a cost determination in a civil case, the amount of which is unreviewable by this court. *Newton v. Consolidated Gas Co.,* 265 U.S. 78, 82–83, 44 S.Ct. 481, 482–83, 68 L.Ed. 909 (1924) (Appeals dealing exclusively with

**1162**

costs are impermissible where the *power* of the court to assess costs is not in dispute and the *amount* to be assessed is the sole issue); (*Wetzel v. Ohio,* 371 U.S. 62, 64, 83 S.Ct. 111, 113, 9 L.Ed.2d 26 (1962) (Douglas, J., concurring) with the unqualified statement that the rule of *Newton* should apply to criminal cases as well as civil cases).

Appeal dismissed.